JAMES GOULD *v.* CHICKASAW COUNTY.

REWARDS.    *Fleeing murderer.    Code* 1892, § 1387.    *Construction.    Sheriff of another state.    Legal duty.*

An Arkansas sheriff, arresting in that state a person who killed another in this state and who was fleeing before arrest, where he merely notified, by telegraph, the sheriff of the county in which the homicide was committed of the arrest, is not entitled to the reward provided for under Code 1892, § 1387, authorizing the payment of one hundred dollars out of the county treasury for the arrest and delivery up for trial of a fleeing homicide, because:

(a) He did not deliver up the prisoner for trial within the meaning of the statute; and

(b) He was under legal duty to have made the arrest.

FROM the circuit court of, second district, Chickasaw county. HON. EUGENE O. SYKES, Judge.

Gould, the appellant, was plaintiff, and Chickasaw county, the appellee, defendant in the court below.    From a judgment in defendant's favor the plaintiff appealed to the supreme court.

In 1903 a man named Thomas Fennerson shot and killed one Thomas Page in Chickasaw county, Mississippi, and fled to

Jefferson county, Arkansas, where he was arrested by appellant, James Gould, who was then sheriff of Jefferson county, Arkansas. Gould telegraphed the sheriff of Chickasaw county, Mississippi, who sent for Fennerson and brought him back to this state, and he was tried and convicted. Gould then presented his claim to the circuit court of Chickasaw county for the satutory reward of $100, which was refused by the court.

*A. T. Stovall,* for appellant.

The agreed statement of facts shows clearly that Thomas Fennerson was fleeing from his crime, and that it had only been three days from the date of the killing until he was arrested in Arkansas; so there can be no doubt of the fact that the defendant actually attempted to escape arrest, and in this respect his conduct is different from Kirkpatrick's conduct in the case of *Monroe County* v. *Bell,* 18 South. Rep., 121. The defendant there, Kirkpatrick, "remained at his home for two days after the shooting, not concealing himself, and then left for Texas, and it was generally known where he was;" so he was not fleeing from justice. Whereas, in this instance, Fennerson immediately left the scene of the difficulty for parts unknown; so he was fleeing from justice. If he was, whoever arrested him, except an officer under obligation to make the arrest under the law and by virtue of his office, would be entitled to the statutory reward. Code 1892, § 1387.

It is true in this case that Gould was the sheriff of Jefferson county, Arkansas, but it is not true, as in the Bell case, that it was Gould's duty "to arrest, or to give aid to the arrest and detention of, a fugitive from justice from another state," etc., as it was the duty of Bell, sheriff of Hill county, Texas, by virtue of Texas Code, Criminal Procedure, 1879, art. 1023. There being no statute in Arkansas like the Texas statute, and this appellant not having a warrant or requisition authorizing him to arrest a fleeing homicide, he was under no legal obligation to do so, and so he was entitled to the statutory reward.

It would be a bad policy indeed for this state to establish a precedent of not rewarding non-resident officials, who are under no legal obligation to seek out and possibly risk their lives in arresting fleeing homicides from Mississippi.

*J. N. Flowers,* assistant attorney-general, for appellee.

There was no delivery of the homicide for trial as contemplated. The appellant detained the criminal, notified the sheriff of Chickasaw county that he had him, and the Mississippi officer went after and received him from appellant. He did not "deliver him up for trial." He saved himself that trouble and expense. The reward is not for the arrest alone, but also for the delivery.

It was the duty of the Arkansas sheriff to apprehend this criminal, and the decision of this court in *Monroe County* v. *Bell,* 18 South. Rep., 121, is conclusive.

The sheriff's has always been an office of dignity and responsibility. He is the principal peace officer in every county and state. Murfree on Sheriffs, sec. 1160. Whenever a sheriff knows of a criminal in his county, it is his duty to take steps to have him arrested. It is his duty to aid in the enforcement of the laws, and this duty, in view of the good will and mutual dependence among the states, extends to cases in which other states are interested. 12 Am. & Eng. Ency. Law (2d ed.), 607. The sheriff in the case at bar acted under the general law, or the arrest was illegal, and he cannot recover if the arrest was illegal. 24 Am. & Eng. Ency. Law (2d ed.), 948.

Section 3488 of the digest of statutes of Arkansas (1894) is as follows: "Whenever any person within this state shall be charged, on oath or affirmation of any creditable person, before any judge or justice of the peace of this state, with the commission of any crime in any other state or territory of the United States, and that such person hath fled from justice, such judge or justice shall issue his warrant for the apprehension of such person."

And a sheriff in Arkansas is a conservator of the peace, and among other duties specified "he shall apprehend and commit to jail all felons and other offenders." Sec. 7162, Dig. Ark. 1894.

TRULY, J., delivered the opinion of the court.

Appellant was not entitled to recover the statutory reward for arresting a fleeing homicide. He did not comply with the terms of § 1387, Code 1892, granting such rewards, for the reason that he did not "deliver him up for trial." Again, the appellant was a sheriff, an officer charged by law with the duty of making arrests, and, as such, not entitled to any reward for performing an act which was simply in the discharge of his official duty. Sand. & H. Dig. St. Ark., sec. 7162; *Railway Co.* v. *Grafton,* 51 Ark., 508 (11 S. W., 702; 14 Am. St. Rep., 66); *Monroe County* v. *Bell* (Miss.), 18 South., 121.

*Affirmed.*