TATE COUNTY *v.* ROBERT S. MOORE.

[39 South. Rep., 791.]

STATUTORY REWARD. *Code* 1892, § 1387. *Fleeing homicide. Board of supervisors. Circuit court.*

     A plaintiff seeking to recover a statutory reward, under Code 1892, § 1387, providing that a person who arrests a fleeing homicide and delivers him up for trial shall be entitled to a stated reward, to be paid by the county in which the killing occurred, must obtain the separate allowance of his claim by the circuit court and the board of supervisors.

FROM the circuit court of Tate county.

HON. JAMES B. BOOTHE, Judge.

Moore, the appellee, was plaintiff, and Tate county, the appellant, was defendant in the court below. From a judgment in plaintiff's favor defendant county appealed to the supreme court. The suit was for a statutory reward under Code 1892, § 1387, which is as follows:

"A person who shall arrest any one who has killed another and is fleeing or is attempting to flee before arrest, and shall deliver him up for trial, shall be entitled to the sum of one hundred dollars out of the treasury of the county in which the homicide occurred, upon the allowance of the circuit court and of the board of supervisors of the county in the manner provided by law."

The claim was allowed by the circuit court, and certified to the board of supervisors for its allowance.   It was presented to and investigated by the board; witnesses were examined for and against the claim, and it was disallowed by the board of supervisors.   The testimony heard by the board of supervisors was embodied in a bill of exceptions, and the case appealed by plaintiff to the circuit court, which court, reversing the judgment of the board of supervisors, again allowed the claim and gave judgment against the county therefor.

*N. A. Taylor,* for appellant.

The board of supervisors has the same jurisdiction over the matter as the circuit court, and is no more the subject of compulsory control than the circuit court.

The action of the board of supervisors was not, as opposing counsel seems to think, a review and reversal of the action of the circuit court, but an independent investigation by it in order to reach its own conclusion in the matter, as the statute clearly intended it should do.

If this was not the intention of the legislature, if the approval of the claim by the circuit court in the first instance, when first presented to it, was intended to be conclusive on the county without any investigation by the board of supervisors, the statute would have been framed differently.

*J. F. Dean,* for appellee.

The board of supervisors should have appealed from the judgment of the circuit court allowing the claim for the reward. Under Code 1892, § 1387, the person arresting the fleeing homicide and delivering him up for trial shall be entitled to the reward of one hundred dollars "upon the allowance of the circuit court and of the board of supervisors of the county in the manner provided by law."

What does this mean?   Does it mean that the circuit court

and the board of supervisors are to sit jointly at the hearing, or that they are to sit separately and hear the evidence separately, and that one can override or annul the judgment of the other? It is apprehended that no question will be raised to the proposition that the circuit court is a superior court to the board of supervisors. Then it must be conceded that unless the statute under consideration gives the board of supervisors judicial powers superior to the circuit court it cannot review, modify, or reverse the judgment of the circuit court. For one court to reverse the judgment of another it must be superior to that rendering the judgment reversed. An inferior court cannot annul or reverse the judgment of a superior court.

TRULY, J., delivered the opinion of the court.

Code 1892, § 1387, contemplates the approval of both the circuit court and of the board of supervisors of an allowance of the statutory reward for the arrest of a fleeing homicide. The dissimilarity in the procedure by which such an allowance is obtained and that by which, under Code 1892, §§ 641, 926, the current allowances of the courts are made, is obvious. In the latter class, as was decided by this court in *Choctaw County* v. *Hughes;* 83 Miss., 195 (35 South. Rep., 424), the allowances, when made, are "certified to the board of supervisors." In such case the allowance by the court is final, and the certification to the board is "not for revision or correction or allowance, but that a warrant may issue to the county treasurer for payment." *Jones* v. *Lee County* (Miss.), 12 South. Rep., 341. But under sec. 1387 there must be a separate approval by each of the two tribunals. The language of the statute makes this manifest. As this is decisive of the case, we deem it unnecessary to pass on the other questions presented.

*Reversed and remanded.*