JOHN C. ORRELL ET AL. *v.* BAY MANUFACTURING COMPANY.

[40 South. Rep., 429.]

1. CONTRACTS. *Interpretation. Honest intent.*

Where a contract is susceptible of two interpretations and capable of being fulfilled in two distinct ways, one permitted and the other condemned by law, that construction will be placed on the contract which will validate it.

2. PUBLIC LANDS. *Lease before patent. Validity.*

A lease of land for turpentine purposes, made by a claimant before his homestead entry has been perfected, is not invalid, in the absence of any showing that operations under the lease were commenced or intended to be commenced, until after the entry has been confirmed and perfected.

3. SAME.

Previous decision in this case—*Orrell v. Bay Manufacturing Co.,* 83 Miss., 800—in all respects confirmed and approved.

FROM the chancery court of Hancock county.

HON. THADDEUS A. WOOD, Chancellor.

The Bay Manufacturing Company, the appellee, was the complainant in the court below; Orrell and others, the appellants, were defendants there. From a final decree in complainant's favor the defendants appealed to the supreme court.

The case was once before in the supreme court, and is reported —*Orrell v. Bay Manufacturing Co.,* 83 Miss., 800. The present appellants sued out a writ of error from the judgment of the state supreme court on the former appeal to the supreme court of the United States, but the same was dismissed because not from a final decree. *Orrell v. Bay Manufacturing Co.,* 198 U. S., 581.

The bill of complaint prayed an injunction restraining Orrell and others, appellants, from entering upon certain lands and boxing the pine trees thereon for turpentine purposes. The defendants filed a motion to dissolve the injunction, which motion was overruled, and an appeal on this decision was taken

to the supreme court, which affirmed the decision of the court below and remanded the case to be further proceeded with. 83 Miss., 800 (36 South. Rep., 561). The case then went to trial on the merits on an agreed state of facts substantially as follows: That complainant was, at the time of the filing of the original bill, the holder and owner, by assignment, of a certain lease for the purpose of boxing and working the timber on the property in question for turpentine purposes, and that, at the time of the execution of said lease—July 1, 1899—to complainant's assignor, the lessors, Hode and wife, were occupying and claiming said land under an incomplete homestead entry, having only made the formal application for said homestead entry; that complainant was the holder and owner by assignment of whatever right or interest the grantee of Hode and wife acquired by said lease; that on February 17, 1903, Orrell and others acquired from Hode and wife a written lease for turpentine purposes, and that at the time of its execution Hode had made proof and completed his homestead entry, and was then the owner by good and valid title from the United States; that at the time of the suing out of the injunction, Orrell and others had begun boxing the timber for turpentine purposes, claiming the right to do so under the lease from Hode and wife; that the question to be decided in this cause was the superiority of the respective leases.

The court below rendered a decree making perpetual the injunction and canceling the lease to Orrell in so far as it affected the rights acquired by the complainant under his lease.

*Barber & Mize,* for appellants.

We call the attention of the court to the recent decision of the United States supreme court in the case of *Hartman* v. *Butterfield Lumber Co.,* 199 U. S., 335.

While the supreme court of the United States upheld the decision of the supreme court of this state in the above-cited case,

we believe that a careful consideration by this court of the opinion delivered in that case will lead the court to reverse its former decision in the case at bar. The United States supreme court laid down the rule, in its opinion in said case, that when patent passes to a patentee, the land is then absolutely his, to do with as he pleases, regardless of any alienation or promise of alienation he made prior to obtaining patent. If, after receiving patent, the patentee should choose to confirm and make good an alienation made or promised to be made before receiving patent, then he had a right to do so; but if he chose otherwise, he had a right to exercise that choice.

We contend that, under said decision of the United States supreme court, when Mary and Henry Hode made final proof and received final certificate entitling them to patent, and received patent, the land was absolutely theirs, to do with as they pleased, regardless of any alienation or promise of alienation made by them before making final proof and receiving patent to said lands; and since they chose, after making final proof and receiving final certificate, to lease said lands to Orrell, said lease is the valid lease and superior to that granted before final proof was made by the said Hodes.

In the case of *Hartman* v. *Butterfield Lumber Co.,* in the supreme court of the United States, Justice White, in a dissenting opinion, goes even further than asserting the doctrine for which we contend, and lays down the doctrine that, where a promise in writing to convey homestead lands is made before patent to said lands is obtained, and said promise is made good after obtaining patent by conveyance of said lands, and afterwards a second conveyance of said lands is made, patent having been previously obtained, the second conveyance will be valid and binding and superior to the conveyance made in the fulfillment of the promise in writing made before patent was obtained.

*James H. Neville,* and *McWillie & Thompson,* for appellee.

It was determined by this court on the former appeal that the leasing of trees on the lands for turpentine purposes, and sale of trees by homesteaders who had not perfected their entries, is not an alienation within the meaning of the revised statutes of the United States, sec. 2291, and this holding settled the right of the Bay Manufacturing Company to the trees in question.

After a remand of the case by this court to the court below, a final decree was rendered in favor of the appellee, and it was rendered in exact accordance with the right as determined by this court.

Orrell and others now prosecute an appeal. It must be that they are on their way to the supreme court of the United States, since they surely do not expect this court in this case to reverse its own final adjudications. Right or wrong, the adjudication reported in 83 Miss. is the law of this case, as has often been decided. *McDonald* v. *Green,* 9 Smed. & M., 138; *Martin* v. *Lofland,* 10 Smed. & M., 317; *Green* v. *McDonald,* 13 Smed. & M., 445; *Smith* v. *Elder,* 14 Smed. & M., 100; *Stewart* v. *Stebbins,* 30 Miss., 66; *Henderson* v. *Winchester,* 31 Miss., 290; *Bridgeforth* v. *Gray,* 39 Miss., 136; *Swan* v. *Smith,* 58 Miss., 875.

We cannot understand how the appellants expect this court to reverse itself, nor what they expect to make of the decision of the United States supreme court in the case of *Hartman* v. *Butterfield Lumber Co.,* appealed from this court, since, in that case, the judgment of this court was affirmed.

If the court will read argument in support of an affirmance of the decree appealed from, we respectfully refer to the briefs for appellee and Judge TRULY's splendid opinion, all published in 83 Miss., 806.

TRULY, J., delivered the opinion of the court.

It is true that the agreed statement of facts shows that the turpentine lease of the pine timber was entered into before the

homestead entry of the Hodes had been perfected. But the lease itself does not show that any of the trees were to be boxed or cut for turpentine purposes, or that the right of way over the lands was to be actually used, until after the homestead entry had been confirmed and perfected. The lease of the trees for turpentine purposes was for three years from the time the boxes were cut, but the lessees were granted fifteen years within which to enter upon the premises by virtue of their lease and to cultivate the turpentine orchard. The lease also states that it was made for the improvement of the lands. So that, for aught that appears in the body of the lease, it was not within the contemplation or intention of the parties that any of the trees on the land were to be cut or boxed for turpentine purposes until after the homestead entry had been finally perfected and confirmed by grant. The agreed statement of facts contains no allegation that the timber was, in fact, cut, or the right of way made use of in any manner, until the Hodes became the absolute owners of the lands. On the contrary, by implication, at least, it appears that appellee had not in any manner attempted to operate under the lease until, by operation of law, the Hodes became the absolute owners in fee simple of the lands and timber. Therefore, in the instant case, even if it were to be conceded that a lease for turpentine purposes of standing timber upon an incomplete homestead entry, actually put in operation before the title from the government had finally passed, was invalid, this would not have the effect of condemning the transaction here under review. Where a contract is susceptible of two interpretations and capable of being fulfilled in two distinct ways, one permitted and the other condemned by the law, that construction will be placed upon the contract which will validate it. The law presumes a lawful intent, instead of an illegal one, on the part of all contracting parties. These considerations are decisive of the case at bar, though we adhere in every particular to the propositions of law announced upon

the previous consideration of this case, as reported in 83 Miss., 800 (36 South. Rep., 561).

Further consideration of the questions there presented and the decision of the supreme court of the United States in the case of *Hartman* v. *Butterfield,* 199 U. S., 335 (26 Sup. Ct., 63), confirm us in our opinion as to the correctness of the conclusion arrived at in the previous opinion.

*Affirmed.**

---

* A writ of error has been sued out in this case to the United States supreme court from the final judgment rendered in pursuance of the foregoing opinion, and the case is now pending there.