Statement of the case.

## EX PARTE CHARLES WEBB.

### [49 South. 567.]

1. **STATUTORY REWARD.** *Code* 1906, § 1459. *Construction. Counties.*

    Code 1906, § 1459, authorizing the payment of a reward by the county for the arrest of a fleeing homicide upon an allowance by the circuit court and the board of supervisors, should be liberally construed in aid of parties making such arrest, but due care should be exercised to see that claims are *bona fide.*

2. **SAME.** *Same. Application. Parties.*

    The county need not be a party to the application for a reward made to the circuit court, since it acts for itself when the claim is presented to the board of supervisors.

3. **SAME.** *Same. Disallowance by supervisors. Appeal. Reversal. Effect. Cases overruled.*

    A claim for a reward in contemplation of law is allowed by the board of supervisors when its order disallowing the same has been reversed on appeal to the circuit court.

4. **SAME.** *Same. Cases overruled.*

    *Tate County v. Moore,* 87 Miss. 245, and *Warren County v. Lanier,* 87 Miss. 606, overruled.

FROM the circuit court of Lamar county.

HON. WILLIAM H. COOK, Judge.

Webb, appellant, applied to the court below for an allowance to him of a statutory [Code 1906, § 1459] reward for the arrest of one Thomas Johnson, a fleeing homicide. The application was disallowed and the applicant appealed to the supreme court. In view of the opinion of the court no further statement of the facts is deemed necessary.

*Mounger & Mounger,* for appellant.

*George Butler,* assistant attorney-general, for appellee.

[The briefs of counsel could not be found when the reporter reached this case, hence synopses of their briefs are not given.]

WHITFIELD, C. J., delivered the opinion of the court.

We think the evidence shows plainly that Johnson was either "fleeing or attempting to flee" after having killed King, and that the petitioner is entitled to the statutory reward. Whilst due care must be taken to see that these claims for reward are *bona fide,* the statute must nevertheless be given a liberal construction in aid of parties arresting fleeing homicides.

It is insisted by the state that since the county was not made a party, and since there is nothing in this record to show that the board of supervisors has allowed this claim, this judgment should be affirmed under the ruling in the two cases of *Tate County v. Moore,* 87 Miss. 245, 39 South. 781, and *Warren County v. Lanier,* 87 Miss .606, 40 South. 429. We have considered these two cases carefully, and are thoroughly satisfied that they are both unsound. The statute does not require the county to be a party. The proceeding is usually *ex parte,* and it is a mere claim, propounded, it is true, to both the board and to the circuit court; but there is no reason why the county should be a party to the proceeding in the circuit court, since the county would be called upon to act for itself when the claim is presented to the board of supervisors. For these reasons, the *Lanier case, supra,* is hereby overruled. It is said in the *Moore case, supra,* that this sort of claim cannot be allowed, except on what is held to be the absolute and independent and separate allowance of both the board of supervisors and the circuit court. In that case the circuit court had allowed the claim, and the county had refused to allow it in the first instance; but, on appeal from the judgment of the board of supervisors to the circuit court, the circuit court reversed the judgment of the board of supervisors. The holding in the *Moore case* was that the claim could not stand, unless it had the separate and independent and absolute allowance of the board of supervisors. This cannot, we are satisfied, upon careful consideration, be the law.

When a claim is presented to the board of supervisors, and is

disallowed, the statute gives the petitioner the right of appeal to the circuit court; and if the circuit court, upon the appeal, reverses the judgment of the board of supervisors, and allows the claim, that is, in legal effect, an allowance by the board of supervisors, for, otherwise, the judgment of the circuit court would be of no effect, and the appeal, which the statute allows, would be nullified. In this sort of case there is an allowance by the board of supervisors, in the eye of the law, either when it directly allows it, or, denying it in the first instance, its judgment is reversed by the circuit court on appeal. The proper procedure would be always to present the claim, first to the circuit court, and then, if allowed there, to present it to the board of supervisors, and if denied there then an appeal can be taken to the circuit court, and if the circuit court reverses the judgment of the board of supervisors, disallowing it, the claim stands in the eye of the law allowed, then, by both the board of supervisors and the circuit court. For these reasons, the case of *Tate County v. Moore,* 87 Miss. 245, 39 South. 781, is hereby overruled.

The result in this case is that the judgment of the circuit court is reversed, and the cause remanded, to be proceeded with in accordance with this opinion.

*Reversed.*