HARRISON COUNTY *v.* HURST.
SAME *v.* CURTIS.

[70 South. 889.]

1. REWARDS. *Sufficiency of services. Arrest and detention in another state. Construction of statute.*

In an action by plaintiff against a county for the statutory reward of one hundred dollars for arresting a fleeing homicide, where plaintiff had initiated the search in the nighttime and was on

his way to arrest the fleeing homicide some nine miles from the scene of killing and did make the arrest and the prisoner was afterward convicted, the fact that he was joined in the search by an officer to whom he turned over the prisoner after he had arrested him and who assisted him in handcuffing the prisoner, did not prevent plaintiff from being entitled to the reward.

2. REWARDS. *Performance of service. Arrest in another state.*

When plaintiff arrested a fleeing homicide in another state and notified the sheriff of the county in Mississippi where the homicide occurred of such arrest, and held the prisoner until the sheriff arrived, when he turned the prisoner over to him and the sheriff brought him back for trial, the fact that he so delivered the prisoner and did not incur any expense in returning him to the state did not destroy his right to the statutory penalty for arresting a fleeing homicide.

3. REWARD. *Construction of statute.*

The statute providing for a reward for arresting a fleeing homicide must be given a liberal construction in aid of parties making such arrest.

APPEAL from the circuit court of Harrison county.

HON. J. I. BALLENGER, Judge.

Suit by T. J. Hurst and L. E. Curtis against Harrison county for statutory reward. From a judgment for plaintiff, defendant appealed.

The facts are fully stated in the opinion of the court.

*W. G. Evans* and *R. C. Cowan,* for appellant.

We submit that under the facts of this case the appellee, L. E. Curtis, is not entitled to the statutory reward provided by section 1459, Code 1906. That the delivery up for trial in this case was not such a delivery up for trial as is contemplated by the statute. To be entitled to a reward, the person claiming same, must not only arrest the fleeing homicide, but he must deliver him up for trial in the county where the homicide occurred. *Gould* v. *Chickasaw County*, 85 Miss. 123. In that case as in the case at the bar the fleeing homicide was arrested in another state; the fact of the arrest was made known to the sheriff of Harrison county by a

telegram; the sheriff went to Alabama for the fugitive, and brought him to Harrison county, Mississippi, for trial. We take it that the law intends that the reward of one hundred dollars should not be all award, but should cover the expense and service of delivering the fugitive up for trial. In this case by the failure of L. E. Curtis to deliver Sidney Payne up for trial, the county was forced to bear the expense of sending for and delivering him up for trial.

We contend that Curtis did not comply with the statute and is not entitled to the reward.

*Virgie & Virgie,* for appellee.

The facts were agreed upon in the court below and there was no dispute but what Curtis made the arrest and the one arrested was the person who did the killing and that he was at the time fleeing and that he was brought back and took his sentence for manslaughter.

The only question before the court is, whether or not he was properly delivered up for trial, under section 1459 of the Code, to entitle the appellee to the reward. Appellee as shown by the agreed statement of facts, arrested Sidney Payne, who was the fugitive, in Montgomery, Alabama, and notified the sheriff of Harrison county, Mississippi, who went after Payne and brought him back to Harrison county, with the above result. So the only question for the court to decide is, was he delivered up for trial under section 1459.

*Gould* v. *Chickasaw County,* 85 Miss. 123, is against appellee's contention, but we respectfully submit that in that case the statute was improperly construed and that a strict construction was placed on the statute instead of a liberal one, which under the laws should be placed on such a statute.

The statute reads in part: "shall deliver him up for trial." In the case above referred to of *Gould* v. *Chickasaw County,* the court held that the fugitive had to be

delivered up in the county where the homicide occurred. This holding was in effect placing in the statute something that is not in there. The statute does not say where he shall be delivered up or to whom, but only that there shall be a delivery up for trial, and the purpose of the statute is evidently to reward the vigilance of any person who has captured any one who has killed another and is fleeing and has placed such fugitive in the custody of the law. When Payne was delivered up by appellee to the proper authorities of Harrison county he was brought back by the sheriff and was tried. Hence, there was a delivery up for trial. The natural effect of delivering one charged with crime to the sheriff of the proper county under the proper authority is a delivery for trial, because it is then the duty of the sheriff to confine the one charged with crime or to release him under bond according to law to appear for the purpose of standing his trial; and this statute was intended to cover just such cases.

Of course, the case of *Gould* v. *Chickasha County*, was properly decided under the facts of that case on the other point involved, to wit: That the person claiming the reward in that case was a sheriff in Arkansas and under the Arkansas statute it was made the duty of the sheriff to arrest any one charged with crime, and therefore in that particular case he was not entitled to the reward because of the law in Arkansas, and, while the court decided it on both points, we submit that in the respect that it held that the sheriff could not recover the reward because it was not a proper delivery up the opinion is erroneous and ought to be overruled.

This statute has received several constructions, one of which is in the case of *Ex parte Chas. Webb,* 96 Miss. 8, in which Whitfield, C. J., said that this statute should be liberally construed and in aid of the parties making the arrest, but that due care should be exercised to see that claims are *bona fide,* and overruled the cases.

(*Tate County* v. *Moore,* 87 Miss. 245; *Warren County* v. *Lanier,* 87 Miss. 606), on the manner in which these rewards should be allowed.

In the last two cases cited, it was held that the procedure to recover the reward was by separate allowance of the board of supervisors and of the circuit court and that the refusal of the board of supervisors operated to defeat the recovery and that the circuit court was powerless to overrule the decision of the board of supervisors.

The court held, in *Ex Parte Webb, supra,* that this construction was too strict and that those two cases should be overruled.

In the instant case there is no question but what the claim was a *bona fide* one, and appellee had gone to an expense of about thirty dollars in effecting the arrest of Payne; and to hold that he should be deprived of the reward because he did not himself bring Payne into Harrison county but delivered him to the sheriff of Harrison county under the proper authority in Alabama would be a denial of justice.

STEVENS, J., delivered the opinion of the court.

The appeal in each of these cases is from the judgment of the circuit court of Harrison county awarding appellees each the statutory reward of one hundred dollars for the arrest of a fleeing homicide. The claim of Mr. Hurst to this award and his right of recovery were denied and challenged by the board of supervisors, for the reason that at the time he arrested the negro, who had committed murder, he was accompanied by Mr. Duckworth, the regular deputy sheriff of the county. It is contended by counsel for appellant that the presence of the officer characterized appellee as a special deputy assisting the regular officer of the law in making the arrest. We have examined the facts, and find that the circuit court was justified in believing that Mr

Hurst initiated the search and was on his way to make the arrest when he was joined by the regular officer, and in finding that appellee in truth and in fact did make the arrest and deliver up the prisoner to Mr. Duckworth in accordance with the statute. The party arrested was tried and convicted. He evidently had run nine miles from the scene of the homicide, and circumstances at the time of the arrest indicate an effort to escape. The bare fact, therefore, that Mr. Duckworth, the regular deputy sheriff, joined in the search and assisted appellee in handcuffing the negro after Mr. Hurst had arrested him, should not deprive appellee from a recovery. He went upon his own initiative in the darkness of night, and voluntarily exposed himself to the danger incident to such arrest.

It is contended that Mr. Curtis should not recover because he did not deliver up the prisoner in accordance with the statute. The facts are that Mr. Curtis arrested one Sidney Payne, a fleeing homicide, in Alabama, and thereupon notified the regular sheriff of Harrison county, Miss., of the arrest, and held the prisoner until the sheriff arrived in Alabama, when he turned the prisoner over to the regular sheriff to be brought back to Mississippi for trial. It is contended that the statute imposed upon Mr. Curtis the duty and expense of bringing the fugitive back to Mississippi and delivering him to the authorities of Harrison county. We cannot give to the statute such a strict and narrow construction. It is conceded that the party arrested was under indictment for murder, and was a fugitive from justice, and was arrested and held by appellee until the sheriff of Harrison county arrived. There was no duty imposed upon the appellee to make the arrest, as was the case in *Gould v. Chickasaw County,* 85 Miss. 123, 37 So. 710. There is a statement in the opinion rendered by the court in the Gould Case that seems to justify the contention of appellant in the present case; but the truth is the opinion was controlled by the fact that the claimant in

110 Miss.—46

that case was the regular sheriff of his county, and, as such, not entitled to any reward whatever. A requisition from the governor is usually necessary in transferring .from another state and bringing back into our borders a prisoner charged with murder, and the request for this requisition should come from the lawful authorities of our own state. When appellee delivered up the prisoner to the sheriff of Harrison county, he made delivery to the proper person, and satisfied the evident purpose of the statute.

There is not the slightest evidence of collusion in either of these cases, and the statute, as said by Whitfield, C. J., in *Ex parte Webb,* 96 Miss. 8, 49 So. 567, "must be given a liberal construction in aid of parties arresting fleeing homicides."

*Affirmed.*