## HARRISON COUNTY v. McCALEB.

[70 South. 899.]

STATUTORY REWARDS. *Fleeing homicide.*

> Where a negro employee in a wholesale grocery company got into a controversy with and cut another negro to death and the other negro employees surrounded him and demanded that he give up his knife and the slayer backed to an entrance and refused this demand, when claimant, one of the white bosses, appeared and ordered the slayer to give up his knife and go to a dressing room, take off his working clothes and stay there until an officer came, all of which the slayer did, in such case claimant was not entitled to the statutory reward for arresting a fleeing homicide.

APPEAL from circuit court of Harrison county.

Hon J. I. BALLENGER, Judge.

Claim by N. B. McCaleb against Harrison county, which was declined by the board of supervisors and the claimant appealed to the circuit court. From a judgment there for claimant, the county appealed.

The facts are fully stated in the opinion of the court.

*R. C. Cowan* and *W. G. Evans,* for appellant.

From the facts in this case we fail to see that John Johnson was fleeing or attempting to flee, or that appellee arrested and delivered him up for trial, and surely, unless those two conditions are shown, appellee would not be entitled to the reward. The facts in this case do not make out any stronger case than *Oktibbeha Co.* v. *Cottrell,* 70 Miss. 117, or in some particulars, *Monroe Co.* v. *Bell,* 18 So. 121.

*Rucks Yerger,* for appellee.

Considering all the facts it seems clear that this case should be affirmed.

The judge of the court heard all of the evidence; could see the demeanor and the character of the witnesses on the

stand, and after full consideration gave his opinion that. Mr. McCaleb was entitled to the reward. This decision should not be reversed unless he was flagrantly wrong.

The purposes of the act allowing a reward of one hundred dollars for the arrest of a fleeing homicide are to encourage citizens to make these arrests and prevent escapes before the officers can arrive on the scene and the acts should be so construed as to carry out the purposes for which they are enacted and this court has in its several decisions construing this section, so held.

Stevens, J., delivered the opinion of the court.

Harrison county denied the claim of appellee to the statutory reward of one hundred dollars for the alleged arrest. and delivery up of one John Johnson, a fleeing homicide. Exceptions were reserved to the action of the board in denying the claim, an appeal prosecuted to the circuit. court, and a judgment was entered by the circuit court reversing the findings of the board, and in favor of appellee. There were two claims presented for this reward, one by B. L. Conn, a police officer, and the other by appellee. There is considerable testimony in the case and some sharp conflict in the evidence. We have examined the testimony favorable to appellee, however, and, in our judgment, the facts fail to show that John Johnson was making a real effort to escape at the time Mr. McCaleb ordered him to give up his knife, go to the dressing room, and change his clothes. Without setting out all the facts in detail, it is shown by the testimony of appellee himself that Johnson was one of the regular negro employees of the Gulfport Grocery Company; that he made an unexpected assault on, and cut to death, one of the other negroes; that in this large wholesale house a crowd of negroes surrounded the assailant and demanded that he give up his open knife; that Johnson was backing back toward the side or back entrance of the large establishment followed by a bunch of negroes and declining to give up his knife, when Mr. McCaleb, the appellee herein, and

one of John Johnson's "bosses," happened along and demanded of the negro that he give up his knife, and this the negro immediately and obediently proceeded to do. Mr. McCaleb then asked the negro to go to the dressing room and take off his working clothes, telling him he could not leave until an officer came.  The negro obeyed the di. direction of his superior, and in a few minutes a police officer of Gulfport arrived on the scene and took the prisoner in charge.  No time had elapsed between the killing and the time Mr. McCaleb appeared on the scene, and the negro had not left the scene of the homicide or the building in which the difficulty occurred.  The evidence does not justify the conclusion, therefore that the prisoner was attempting to flee.  While the evidence reflects the good citizenship of Mr. McCaleb, and his actions under the circumstances of this case are to be commended, yet he did what most any of the white employees of the Gulfport Grocery Company would naturally be expected to do—stop the controversy between John Johnson and the crowd of negroes demanding the surrender of his knife, and thereby prevent further trouble and place the accused safety in the hands of the lawful authorities.  It follows from the views here expressed that the judgment of the circuit court should be set aside, and the claim of appellee dismissed.

Reversed, and judgment here for appellant.

*Reversed.*