## Ex Parte Austin et al.

[93 South. 369.  No. 22675.]

1. REWARDS. *Statute providing reward for capture of fleeing homicide should be liberally construed.*

   Section 1216, Hemingway's Code, which provides that a person who shall arrest any one who kills another and is fleeing, or attempting to flee, before arrest, and shall deliver him up for trial, shall be entitled to the sum of one hundred dollars, should be given a liberal construction in aid of parties arresting fleeing homicides.

2. REWARDS. *One who after killing another hides in locked barn held "fleeing" homicide, and arrester entitled to reward; "attempting to flee."*

   One who kills another and then hides himself under hay in a barn whose doors are closed and locked is fleeing. or atempting to flee, before arrest under this statute, and the persons arresting him while thus in hiding are entitled to the statutory reward.

APPEAL from circuit court of Warren county.

Hon. E. L. Brien, Judge.

Petition by H. H. Austin and others for allowance of statutory reward for the capture of a fleeing homicide. Petition disallowed, and petitioners appeal. Reversed and judgment for petitioners.

*Bryson & Katzenmeyer,* for appellants.

Appellee has based the defense of this case upon two points which, to use his own words, may be stated as follows: "First: Carter was not fleeing or attempting to flee; he was merely concealing himself. Second: He did not leave his usual place of abode though he did conceal himself there."

Appellee's first point raises the question, can a person flee from justice by concealing himself? Appellee himself fully answers this question by his definition of the term "fleeing from justice," quoted on page one of his brief as follows: "To leave one's home or residence or known place of abode within the district or to conceal one's self therein." The attention of the court is respectfully requestioned to the words "to conceal one's self therein," which appellant contends, clearly means that one may flee from justice by concealing one's self within one's home, or residence, or known place of abode within the district.

The second point, if such it may be called, should not be considered in the decision of this case, because it does not agree with the facts in the case. Appellee states that Carter " did not leave his usual place of abode." Is this a fact? Dr. Austin testified that the barn in which Carter was hiding was about one-fifth of a mile from Mack Nailor's house, and one and a half miles from his (Dr. Austin's) house, and was not in any way connected with either house. This testimony was never contradicted, questioned or disputed. Surely then appellee is in error in stating Carter did not leave his usual place of abode.

Appellee attempts to explain Carter's actions in this case by stating that he did not hide in the barn with the intention of avoiding arrest, but simply to evade his fellow citizens, of whom he was afraid. Appellees entirely overlook the fact that during the three days and nights Carter was hiding in this barn, Mr. Shannon, the sheriff of Warren county, together with a posse of deputies searched and re-searched this entire neighborhood, and Carter made

no attempt whatsoever to surrender himself to the sheriff or his deputies, but in fact concealing himself from them during all of this time.

Appellants do not deny that Carter was afraid of his fellow citizens, or of the sheriff, or his deputies, or of anyone else who might arrest him and deliver him into the hands of justice. In fact they readily admit, and agree, that he was afraid of all these people, and that he had a right to be, and that he concealed himself for three days and nights from them, fellow citizens, sheriff, deputies and all, because he well knew that if any one of them could, or should, locate him, they would deliver him into the hands of justice, and that is exactly what Carter was trying to avoid.

*H. Cassedy Holden,* assistant attorney-general, for the state.

The court below denied the petition for the statutory reward because it was "not shown affirmatively that prisoner was fleeing or attempting to flee from arrest." The term "fleeing from justice" as used in the United States statutes, has been defined as "to leave one's home or residence or known place of abode within the district or to conceal one's self therein with intent in either case to avoid detection or punishment for some public offense against the United States." *State* v. *Lum Woon,* 107 Pac. 974, 979. To flee from justice is "to leave one's house or residence or known place of abode with intent to avoid detection or punishment for some public offense." 25 C. J. 741.

As used in the Code of 1892, section 1387, providing a reward for the arrest of any one who has killed another and is fleeing or attempting to flee before arrest, the term "arrest" refers to an arrest for the offense arising from the killing of another, and the term "fleeing before arrest" means the fleeing of one who has killed another before arrest for the offense arising from that killing; so that where one who wounded another, while his victim was still alive was arrested and tried for assault with intent to kill, and discharged, and, on his victim's subsequently dying, fled, one who arrested him for the offense of killing his victim,

was entitled to the reward. *Newton County* v. *Doolittle,* 72 Miss. 929, 18 So. 451.

The reward sought in this case was that which is provided for by section 1216, Hemingway's Code, which reads as follows: "1216 (1459) Arrests—Statutory reward for arrest of fleeing homicides. A person who shall arrest any one who kills another and is fleeing, or attempting to flee, before arrest and shall deliver him up for trial, shall be entitled to the sum of one hundred dollars out of the treasury of the county in which the homicide occurred, upon the allowance of the circuit court and of the board of supervisors of the county in the manner provided by law."

This court held in *Warren County* v. *Lanier,* 87 Miss. 606, 40 So. 429; and in *Ex Parte Webb,* 96 Miss. 8, 49 So. 567, that this statute must be liberally construed. In *Wilkinson County* v. *Jones,* 52 So. 453, this court held in *Warren County* v. *Lanier,* 87 Miss. 606, 40 So. 429; and in *Ex Parte Webb,* 96 Miss. 8, 49 So. 567, that this statute must be liberally construed. In *Wilkinson County* v. *Jones,* 52 So. 453, this court held that in order to earn a reward for arresting a murderer, the arrest must be made while the murderer is fleeing or attempting to flee.

In *Oktibbeha County* v. *Cottrell,* 70 Miss. 117, 12 So. 156, it was held that where one who has killed another is arrested in open day on a highway near his residence and the business part of town, declaring at the time that he is on the way to surrender, the reward should not be allowed to the person making the arrest.

In *Monroe County* v. *Bell,* 18 So. 121, this court held that the reward cannot be claimed for arresting one who, after killing a person, remained at home two days, not concealing himself, and then left for another state, remaining at one place until arrested, it being generally known where he was.

The following definition of the word "flee" is taken from Webster's New International Dictionary: "to run away, as from danger or evil; to hasten off; to pass away swiftly, to run away from; to endeavor to avoid or escape from

(a threatened danger or the like) hence, to shun, avoid or evade (something evil)." It will be noted that the statute only applies to one who is fleeing or attempting to flee before arrest. In the instant case Carter was not fleeing or attempting to flee; he was merely concealing himself in a barn. He stayed in this barn three days before he was discovered.

The actions of the homicide, who was only a boy, were quite natural. He was afraid without knowing why afraid, not of arrest, but of the people in the community. These facts have nothing to do with the law governing the case, but they are significant, nevertheless.

The statute creating the reward was intended to enlist the assistance of the ordinary citizen in the prevention of escape. It was intended to forestall the escape of fugitives from justice by offering an inducement to the citizens to aid the officers of the law in apprehending criminals about to depart from the jurisdiction in which their crimes were committed.

It was not intended to cover such cases as here presented, where there was no attempt to leave even the place of abode, much less the county or state where the crime was committed. Fleeing is one thing; hiding is another thing. The statute applies to those fleeing not to those who are merely hiding near the scene of the crime.

The judgment of the lower court should be affirmed.

Sykes, P. J., delivered the opinion of the court.

The appellant petitioned the circuit court for the allowance of one hundred dollars, the statutory reward for the capture of one Jim Carter, a fleeing homicide. The petition is based upon section 1459, Code of 1906, with amendments as found in section 1216, Hemingway's Code. The petition was disallowed in the circuit court.

The uncontradicted testimony in the case was to the effect that Jim Carter, a negro boy, shot and killed another negro boy near Bovina, in Warren County. After the killing Carter at once went to the home of Mack Nailor, with

whom he was living, put his gun in the house, and went and concealed himself in a barn several hundred yards from the house. It seems that the loft of this barn was filled with hay, and the doors of the barn were closed and locked. Carter got in the loft of the barn by tearing off a part of the roof, and concealing himself under the hay. There he remained for a period of three days. In the meantime the sheriff and other officers of the county, upon hearing of the killing, at once began trying to find and capture Carter. They visited and searched the neighborhood of Bovina, made inquiry of the people there as well as in other places, but were unable to get trace of him. Upon the third day of his concealment this boy from the barn watched the house of Nailor, and saw Nailor leave there, whereupon he went to the house and asked Nailor's wife for something to eat. After eating he returned to the barn. The woman thus located his place of concealment, and when her husband returned that evening told him about it. Nailor then went to the appellant Austin and told him where Carter was concealed. In the meantime, however, he had left a negro to guard the barn. These appellants then proceeded, armed to the barn. They found the hole through which the boy had entered the barn. They called to him to come out, but he made no reply. One of them then went in the barn and discovered the boy hidden under the hay. They arrested him, brought him out, and took him to the sheriff of the county. Carter testified that he was merely hiding from the people of the neighborhood, but was not hiding from the officers of the law.

This section (section 1216, Hemingway's Code) provides that:

"A person who shall arrest any one who kills another and is fleeing, or attempting to flee, before arrest, and shall deliver him up for trial, shall be entitled to the sum of one hundred dollars. . . .

The narrow question for decision is whether under this testimony Jim Carter was fleeing, or attempting to flee, before arrest.

It is uncontradicted that he was in hiding. The man-ifest purpose of his hiding was, of course, to evade arrest or capture. In the language of the opinion in *Ex Parte Webb,* 96 Miss. 9, 49 So. 567.

"Whilst due care must be taken to see that these claims for reward are bona fide, the statute must nevertheless be given a liberal construction in aid of parties arresting fleeing homicides."

The term "fleeing from justice" as used in the statutes of the United States has been defined: "To leave one's home or residence or known place of abode within the district, or to conceal one's self therein with intent in either case to avoid detection or punishment for some public offense against the United States." *State* v. *Lem Woon,* 57 Or. 482, 107 Pac. 974.

In 26 C. J. 741, to flee from justice is defined as follows: "To leave one's home or residence or known place of abode with intent to avoid detection or punishment for some public offense."

The same definition is found in *U. S.* v. *O'Brian,* 27 Fed. Cas. 212, No. 15,908. From these authorities we think it is perfectly plain that a person who kills another and before his arrest conceals himself is fleeing, or attempting to flee, under this statute.

The judgment of the lower court is reversed and a judgment will be entered here in favor of the appellants.

Reversed, and judgment here for appellants.

*Reversed.*