## BRASFIELD *v*. STATE.*

(Division A.   Oct. 18, 1926.)

[109 So. 736.   No. 25820.]

REWARDS.

Evidence *held* not to show that arrested person at time of arrest was a "fleeing homicide" within statute authorizing reward for apprehension.

---

*Corpus Juris-Cyc References: Rewards, 34Cyc, p. 1758, n. 92.

APPEAL from circuit court of Monroe county.

HON. C. P. LONG, Judge.

Petition by R. E. Brasfield against the state for the allowance of a statutory reward.   Judgment disallowing the reward, and petitioner appeals.   Affirmed.

*Paine & Paine,* for appellant.

The circuit judge erred in his ruling that Jackson was not a fleeing homicide.   Under *Ex parte Austin, et al.,* 129 Miss. 869, this court should reverse the case and enter judgment for appellant.   See also *Ex parte Webb,* 96 Miss. 9, 49 So. 567.   The facts in the case at bar place our case directly under this decision.   See, also, Board of *Supervisors of Sunflower County* v. *Wright,* 111 Miss. 790.   This case by inference is authority for our client in the present appeal because the court was very careful to emphasize the fact that Hill was not concealing himself nor attempting to do so, "but was in fact going about openly within a stone's throw of the courthouse and jail."

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

In order to recover in this cause it was necessary that the appellant prove that Lorenzo Jackson killed Lee

143 Miss.—49.

Allen Armstrong and at the time he was apprehended and arrested by Brasfield, that he was fleeing or attempting to flee from the officers of the county.

The only testimony offered in support of this claim is the testimony of the claimant himself. His testimony shows that he had no personal knowledge that Lee Allen Armstrong had been killed by Lorenzo Jackson. It is· true that on the trial of the cause it was admitted that he had been indicted for this alleged offense, but we submit that the indictment is no proof that Jackson had killed Armstrong. The testimony of the claimant is pure hearsay. We, therefore, say that the claimant failed to prove this material fact in order to make out his case.

Claimant says himself that he has no personal knowledge that Jackson was a fleeing criminal at the time he was arrested. And the trial judge held that from the evidence he was of the opinion that the party for whose arrest the reward is claimed was not a fleeing homicide at the time of arrest. See *Board of Supervisors* v. *Cottrell,* 70 Miss. 117; *Monroe County* v. *Bell,* 80 So. 121; *Wilkinson County* v. *Jones,* 52 So. 453; *Supervisors* v. *Wright,* 111 Miss. 790.

The judgment of the trial court in disallowing the claim for statutory reward should be affirmed.

Argued orally by *Geo. C. Paine* and *Thomas Fite Paine,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

McGOWEN, J., delivered the opinion of the court.

Brasfield, appellant, filed his petition in the circuit court of Monroe county praying the allowance to him of one hundred dollars statutory reward, and setting up that petitioner had, on or about June 30, 1925, arrested and delivered to the sheriff of Monroe county one Lorenzo Jackson, who, at the time of said arrest, was hiding out and fleeing from the officers, and was attempting to

escape when he was apprehended by said petitioner. He alleged that the killing occurred May 10, 1925, about fifty days prior to the arrest. The circuit judge, after hearing the testimony, declined to allow petitioner the statutory reward.

There was no competent evidence that Lorenzo Jackson had ever left his usual haunts, and had been charged with the crime, or that any officer of the law had ever sought to apprehend him. In fact, the proof strongly indicates that Lorenzo Jackson had not fled, nor was attempting to flee.

Appellant said he found Jackson in the home of his mother, and that his mother denied knowledge of him, and that an old woman came out of a room in his mother's home, slamming the door after her, and, being attracted, petitioner found Lorenzo Jackson behind the door and crawling under the bed, and, under the circumstances, arrested him, delivering him to the sheriff of the county. We think the circuit judge correctly determined the facts in this case that Jackson, at the time he was arrested, was not fleeing from arrest.

Counsel for appellant contend seriously here that the facts in the case bring it within the rule announced by Mr. Justice SYKES in *Ex parte Austin*, 129 Miss. 869, 93 So. 369, where it was said that—"It is uncontradicted that he was in hiding. The manifest purpose of his hiding was, of course, to evade arrest or capture. In the language of the opinion in *Ex parte Webb*, 96 Miss. 9, 49 So. 567, 'Whilst due care must be taken to see that these claims for reward are *bona fide,* the statute must nevertheless be given a liberal construction in aid of parties arresting fleeing homicides.' "

In the Austin case the alleged slayer had been sought by the officers.

In this case there is nothing in the record to show that any note had ever seen taken of the homicide alleged to have been committed by Jackson by the county authorities, or that Jackson had ever fled the country.

In fact, the testimony of appellant was, practically, in its entirety, hearsay testimony, and the fact that Jackson sought to crawl under the bed fifty days after the homicide may arouse strong suspicion that he sought to evade Brasfield, but we cannot say that the circuit judge was wrong in holding that Jackson was, at the time of his arrest, not shown to have been a "fleeing homicide."

*Affirmed.*