EX PARTE DAVIS.

In Banc.  Feb. 27, 1950.

No. 37407  (44 So. (2d) 526)

John S. Therrell, Jr., for appellant.

Jesse M. Coleman, for appellee.

## Alexander, J.

Petition was filed by Davis for the statutory reward authorized by Code 1942, Section 2482, for arresting and delivering up for trial a fleeing homicide. An agreed statement of facts furnishes the background for our decision. It is as follows: ''Woodrow Wilson, colored, a resident of Clay County, Mississippi, killed his wife in the Fourth District of Monroe County on the place of June Ballard at about 1:00 o'clock P. M. on the —— day of——, 1948. Woodrow Wilson left the scene of the killing and travelled on foot across country about six miles to the home of Elbert Davis and his wife, also in the Fourth District of Monroe County. The wife of Elbert Davis was a relative of Woodrow Wilson. Woodrow Wilson stated to Davis and wife that he had shot his wife and thought that he had killed her and that he was going to Detroit the next day and wanted to spend the night with the Davises. Davis and wife told Wilson that he ought to give up to the law and not run away; they told him that maybe his wife would not die and that if he ran away he would be trying to hide from the law for the rest of his life. Wilson spent the night there and the next morning Elbert Davis went to Egypt, Mississippi, and had Mr. King who ran a store there phone the sheriff and tell the sheriff that Woodrow Wilson was out at his place. The sheriff went to the Davis home in response to the call and on his arrival Davis' wife came out and the sheriff asked her if Woodrow Wilson was there and she replied that he was. Woodrow Wilson then came out of the house of his own accord and surrendered to the sheriff. Davis testified he would have brought Woodrow Wilson in that night but was afraid of a mob. Davis applied for the statutory award for arresting a fleeing homicide and this was allowed by the circuit judge.''

Upon these facts the circuit judge allowed the reward. Appeal is taken by the county.

The case is controlled by Ex parte Webb, 96 Miss. 8, 49 So. 567. If the judgment were affirmed we would remand for separate action and approval by the board of supervisors. But, we are of the opinion here that, apart from the issue whether the homicide was fleeing, there was no arrest even under the liberal constructions to which we have subjected the act in the encouragement of a full cooperation by the citizens with the law enforcement officers.

In Ex parte Austin, 129 Miss. 869, 93 So. 369, and Ex parte Fairley, 162 Miss. 456, 139 So. 399, there was an actual arrest and detention. While the bases set out in Gould v. Chickasaw County, 85 Miss. 123, 37 So. 710, were somewhat undermined by Harrison County v. Hurst, 110 Miss. 716, 70 So. 889, yet in Harrison County v. McCaleb, 110 Miss. 733, 70 So. 899, the petitioner was denied the reward where the homicide had never left the premises on which the difficulty arose, and had been ordered by the petitioner, his employer, to surrender his knife and not to leave the premises. It must be conceded, however, that there the issue was rather whether the homicide was fleeing, than whether this detention was an arrest. In the case before us, the petitioner was content with mere advice against flight. The purported criminal was free to come and go as he pleased, even up to the point when the officer, who was sheriff of the county, actually took him into custody.

The statute is not designed to reward mere informers, and we do not find in it enough elasticity to extend to such a case, even when subjected to the pressure of a sympathetic commendation of his unquestionable civic service.

The judgment will have to be reversed and the allowance vacated.

Reversed and judgment here.