McDaniel *v.* Smith, et al.

Division B.   Nov. 20, 1950.

No. 37660  (48 So. (2d) 638)

Leon E. Provine, and Kermit R. Cofer, for appellant.

**Stone & Stone,** for appellee.

**Hall, J.**

Appellant is a dealer in refrigeration equipment manufactured by others and in the repair and service of such equipment. On June 25, 1946, he delivered to appellees a "deep freeze" box and unit for use by them in their cafe business, the price of which was $1,257.45 divided into a down payment of $360.45 and a credit payment of the remainder. Appellees executed and delivered ordinary promissory notes to appellant for $260.00 balance due on the down payment, and two months thereafter, on August 25, 1946, they executed to appellant a condi-

tional sale contract for the balance of the purchase price payable in fifteen consecutive monthly installments. This contract provided that the purchaser acknowledged delivery and acceptance of said property in good order, and that ''no warranties, express or implied, have been made by the seller unless endorsed hereon in writing.'' No warranties were endorsed on the contract.

The conditional sale contract was assigned by appellant to a finance company, and appellees promptly and regularly paid every installment due thereon until it was fully liquidated. They did not, however, pay to appellant any portion of the $260.00 balance due on the down payment evidenced by the notes and eventually appellant brought suit to recover thereon. Appellees defended on the ground that appellant had warranted the box and unit to be in good and workable condition and that it was never in such condition and is now worthless. They testified that it started giving trouble on the very next day after it was delivered to them and constantly thereafter continued to give trouble, but nevertheless they admitted that they continued to use it for a long period of time, in fact, for approximately two years according to one of their witnesses. There is no sort of claim that they ever tendered the box and unit back to appellant but they still have it in their possession. The trial court refused a peremptory instruction requested by appellant and submitted the case to a jury which found in favor of appellees.

In our opinion, the requested peremptory should have been granted. The case of Lumbermen's Supply Company v. Poplarville Sawmill Company, 117 Miss. 274, 78 So. 157, is precisely in point. ██ ██ The continued use of this refrigeration equipment by appellees after discovery of its alleged unsuitable and unsatisfactory condition, in the absence of notice of rejection and return or offer to return it to appellant, constituted an accept-

ance thereof on the part of appellees. This acceptance is emphasized by the execution of the conditional sale contract long after discovery of the alleged unsatisfactory condition of the equipment and the acknowledgment therein that it was accepted "in good order," and by the further fact that all the monthly installments on said contract were promptly paid without complaint or question as they fell due. See also Freeman v. Keene, Miss., 49 So. 567.

The judgment of the lower court is accordingly reversed and judgment will here be entered in favor of appellant and against appellees for $260.00 principal due on the notes, plus interest from the respective maturity dates thereof as therein specified, plus 10% of such principal and interest as attorney's fees in accordance with the provisions of the notes.

Reversed and judgment here.