CHRISTIAN & BROUGH CO. *v.* GOODMAN & GARRETT.

(Division B. June 18, 1923.).

[96 South. 692. No. 23409.].

1. SALES. *Seller bound by guaranty of goods notwithstanding acceptance; buyer may recoup damages suffered for breach of guaranty in action for balance of purchase price of goods.*

Where machinery is sold under a guaranty that it is mechanically perfect, and will do certain specified work, the seller is bound, notwithstanding the acceptance of the machinery by the buyer,

to make such guaranty good, and the buyer has the right, in an action for the balance of the purchase money, to recoup the damages suffered in consequence of a breach of the guaranty.

2. SALES. *Measure of damages for breach of guaranty that machinery sold will perform specified work stated.*

Where a buyer accepts machinery sold under a guaranty that it is mechanically perfect, and that it is suitable for and will do certain specified work, the measure of damages for a breach of such guaranty is the difference between the value of the machinery as it in fact is and its value as it would have been as guaranteed.

3. SALES. *Burden on buyer to show breach of warranty and damages.*

The burden of proof is on the buyer who accepts machinery, notwithstanding a breach of warranty, to show a breach of the warranty, and the extent of his damages because thereof.

APPEAL from circuit court of Sharkey county.

HON. G. E. WILSON, Special Judge.

Suit by the Christian & Brough Company against Goodman & Garrett. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*Brunini & Hirsch* and *Jas. D. Thames,* for appellant.

Over the objection of appellant, the lower court permitted one of the appellees to testify that he ordered and paid for two *disc* plows at a cost of two hundred and thirty ($230) dollars. None of the pleas of the appellee claimed any credit by way of recoupment or otherwise for anything paid out by appellee for disc plows. On the conclusion of the testimony, appellant moved the court to instruct the jury to make no deduction from any amount which they might find due appellant, which motion the court overruled.

Further, this instruction was requested and refused, "The court instructs the jury to disregard all evidence in this case in reference to the disc and shall make no de-

duction for the cost of the same from the amount due plaintiff.'

Also the court on the conclusion of the testimony made this announcement to the jury: "Gentlemen, all of the testimony with reference to the purchase of the mules is excluded from your consideration. The purchase of the disc, something above two hundred ($200) dollars will enter your consideration."

APPELLANT'S DAMAGES. Appellant was entitled to a judgment for the aggregate of the principal of the notes, to-wit: one thousand ($1,000) dollars, plus eight per cent per annum interest from the date of the notes, January 1, 1921, and a reasonable attorney's fee. In reference to the attorney's fees, this agreement was made: "It is agreed that if the plaintiff should recover that the attorneys are entitled to one hundred and fifty dollars ($150) attorneys' fees, which is a reasonable attorney's fee." The court should have so instructed the jury on the requested instruction of appellant.

THE WARRANTY. The written contract as embodied in the notes, contains no warranty and parole evidence is inadmissible to vary the written contract as held by this honorable court in *Columbia Milling Company v. Russell Company,* 89 Miss. 437, and in *English* v. *Railroad Company,* 100 Miss. 575, and other adjudications of this court. But we are entitled to a judgment in this court irrespective of the warranty. Appellee not only exercised absolute ownership of the tractor, but never undertook to rescind. *Stillwell* v. *Biloxi Canning Co.,* 78 Miss. 779, covers this case exactly.

*Clements & Wright,* for appellee.

The issue between appellant and appellee in this case is clearly drawn in the pleadings in this case on the first count of the declaration. One plea in this case counsel for appellant in their brief studiously avoid, that is,

Special Plea No. 1, which sets up a total failure of consideration. It is very clear to our mind that the jury would be warranted under that one plea as submitted to them on the facts in finding a verdict for the defendant, for if there ever was a total failure of consideration by reason of the breach of the warranty and guaranty as shown by this record, it was in the condition and general adequacy of this tractor.

The defense of recoupment is a well established one in this character of cases, and it is not necessary for us to cite this court to the numerous decisions even in this state wherein this defense is allowed by way of recoupment in a case of this kind. It matters not whether the damages are liquidated or unliquidated, it is a perfectly valid and good defense in this case.

Appellant contends that he was entitled to peremptory instructions. Under the violent conflict of the testimony in this case as we conceive it, there is no reason why it can even be urged that he should have had peremptory instructions. *Hayes* v. *Liquor* Co., 99 Miss. 584.

Now, on the question of warranty. The mere fact that there were notes signed and delivered by the appellees in this case which did not contain the stipulation or representations claimed as to the tractor, does not preclude them from setting it up as a defense in this case, because the notes are not the contract, but merely evidence that there was a contract between the parties. Counsel relies upon the case of *Stilwell Co.* v. *Biloxi Co.*, 78 Miss. 778. We have carefully examined this case and the opinion of the court does not bear out the syllabus.

On the right to recoup in this case we submit to the court the following authorities: *Raymond* v. *State,* 54 Miss. 562; *Myers* v. *Estelle,* 47 Miss. 4; *Hayes* v. *Liddell Liq. Co.,* 99 Miss. 583; *Telephone Co.* v. *Cox,* 103 Miss. 541.

And on the question of recoupment as against the purchase money we submit the following authorities: *Machine Co.* v. *Thomas,* 87 Miss. 391; *Stilwell Co.* v. *Biloxi Co.,*

78 Miss. 779; *Weissinger* v. *Morser,* 75 Miss. 64; *Andre* v. *Morrow,* 65 Miss. 315. And we respectfully call the court's attention to the case of *Bowers* v. *Music Co.,* 114 Miss. 25, the opinion of the court beginning on page 37.

We submit the following authorities on the question of consideration, wherein as a general principle of law they hold, "That the law does not imply promise to pay for goods that are worthless and of no value." In such case there is a total failure of consideration: *Dulaney et al.* v. *Jones & Rogers,* 100 Miss. 835; *Ashe* v. *International Harvester Co.,* 101 Miss. 542; *Rosenbaum* v. *Davis, et al.,* 111 Miss. 278.

We call the court's attention to the following points of warranty: WARRANTY OF SOUNDNESS. Any species of unsoundness which causes damages to the purchaser, whether by total loss of the property or by imposing the necessity to incur expenses to a partial extent, is a breach of the warranty of soundness. *Shewalder* v. *Ford,* 34 Miss. 417.

Argued orally by *John Brunini* for appellant.

COOK, J., delivered the opinion of the court.

The appellant, Christian & Brough Company, instituted suit in the circuit court of Sharkey county against Goodman & Garrett, appellee, and from a judgment in favor of appellee, this appeal was prosecuted. The declaration was in two counts, the first count being based on a series of promissory notes executed by appellee for the balance of the purchase price of one Cletrac tractor purchased by appellee from appellant, while the second was for the aggregate cost of certain repairs made to the tractor. Upon a proper affidavit a writ of seizure was issued and levied on the tractor by the sheriff. To the first count of the declaration the defendant filed two special pleas. The first of these pleas averred that the defendant did not owe the plaintiff any sum whatever for the tractor in ques-

tion, for the reason that the said tractor was bought for general farm purposes, and the plaintiff knew the purposes for which said tractor was bought, and that the tractor was wholly unfit and inadequate for the purposes for which it was bought, and consequently there was a total failure of consideration. The second special plea averred that the defendant did not owe the plaintiff any sum whatever, for the reason that the plaintiff knew that the tractor was to be used for general farming and agricultural purposes, such as a proper tractor could and would do, and that the said plaintiff, knowing the purposes for which the said tractor was to be used, warranted the soundness and mechanical condition of the said tractor to be perfect, and the condition of the tractor to be such as to fill the requirements for which it was bought, when in truth and in fact the said tractor was mechanically imperfect, and unfitted for the purposes for which it was sold, and that by reason of the said breach of the said warranty the said defendant is entitled to recoup the amount of six hundred dollars, being the amount paid upon said tractor, and, in addition thereto the sum of —— dollars, the purchase price of four mules that had to be bought for the said defendants to take the place and do the work for which said tractor was bought, and that the defendant was entitled to credit said sum against any right of recovery the plaintiffs might have against the said defendant, because the said damage to the said defendant grew out of and was a part of the original contract and purchase of the said tractor and the warranty of the said tractor by the plaintiff. A special plea to the second count of the declaration averred that defendant did not owe any sum under this count, for the reason that the said tractor was shipped to plaintiff at the sole request of said plaintiff; that the defendants instructed the plaintiff to make no repairs on the said tractor, and that, if any repairs were made thereto, it must be done solely at the expense of plaintiff, and that defendant would not pay

for any repairs that might be made on the said tractor; that, if the repairs as 'charged in said count of the declaration were made on the tractor, it was done voluntarily by the said plaintiff, and without the authority or order of the said defendants.

The testimony as to whether the warranty was made and as to the mechanical condition of the tractor when delivered was conflicting.. Witnesses for the defendant testified that the plaintiff sold the tractor in question for general farm purposes, and knew at the time the sale was made that said tractor was to be so used; that plaintiff warranted and guaranteed that it was mechanically perfect, and that it would do the work for which it was sold; that it was mechanically imperfect, and unfit and unsuitable for the purposes for which it was sold, and that it would not pull heavy disc plows, the particular purpose for which it was purchased. The testimony further shows that the tractor was sold and delivered to the defendant in the latter part of September, 1920; that defendant paid five hundred dollars on the purchase price when it was delivered, and on January 1st thereafter executed a series of notes aggregating one thousand dollars for the balance of the purchase price; that on February 2, 1921, the first one of these notes was paid; that some time during the month of October, 1920, the defendant used the tractor for about ten hours in sawing wood; that it was then stored under a shed, where it remained until some time in February, 1921, when the defendant attempted to use it for the purpose of plowing, but found the engine in such condition that it could not be used; that defendant at once telephoned plaintiff, and a mechanic was sent to inspect it; that on the advice of this mechanic the tractor was shipped to plaintiff's shop, and there repaired, and then returned to defendant; that defendant again attempted to use the tractor for the purpose of plowing, but found it still unsatisfactory; that notice of this fact was at once given plaintiff, and the mechanic again was

sent to inspect the tractor; that the mechanic made some minor repairs, and left; that defendant did not attempt to use the tractor again until some time during the spring, when he used it in pulling cutting harrows; that this was light work, and the tractor did this work successfully; that defendant continued to have trouble with the tractor all during the farming season of 1921, and that it never gave satisfactory or adequate service in the use for which it was purchased. It further appears from the testimony that on March 25, 1921, the defendant addressed a letter to plaintiff asking for an extension of the time of payment of the notes, and again on December 16, 1921, after repeated demands for payment of the notes, the defendant wrote plaintiff a letter saying:

"This is to advise that Goodman & Garrett will gladly give the tractor back for their notes on the tractor as it seems they will not be able to do anything towards meeting them this season. The account you have for repairs on this tractor, we do not consider we owe as the tractor was not in propor condition when delivered to us and never has given any satisfaction."

Upon this testimony it is clear that there was an acceptance of the tractor by the appellee which cannot be repudiated, and it was incumbent upon the appellee, having accepted the tractor, to show that it was sold under a guaranty that it would do certain specified work, and that the guaranty had been breached. The testimony as to whether this guaranty was made is in sharp conflict, and this question was properly submitted to the jury for decision, but the instructions submitting this question to the jury did not give them any proper guide as to the measure of damages which the appellee was entitled to recoup in consequence of the breach of guaranty in the event they should find that the tractor was sold under this guaranty, and that it had been breached. If the appellant sold the tractor under a guaranty that it was mechanically perfect, and would do certain specified work, it is bound, notwith-

standing the acceptance of the tractor by appellee, to make such guaranty good, and the appellee would have the right, in an action for the balance of the purchase money, to recoup the damages suffered in consequence of the breach of guaranty. In such case, as held in *Stillwell Co.* v. *Biloxi Canning Co.,* 78 Miss. 779, 29 So. 513, the measure of damages is the difference between the value of the tractor as it in fact is and its value as it would have been as guaranteed. The appellee may reduce the purchase price by such difference in value, but the burden is upon him to show this difference. *Bowers* v. *Music Co.,* 114 Miss. 25, 74 So. 774.

As items of damage to be recouped against the purchase price of the tractor, evidence was offered that, on account of the breach of the guaranty, appellee was forced to purchase disc plows at a cost of two hundred and thirty dollars and four mules at a cost of one thousand three hundred dollars. The court excluded the testimony in regard to the purchase of the mules, but admitted the testimony in reference to the purchase of the plows, and also refused to instruct the jury to disregard this testimony, and make no deduction for the cost of the plows. Under the pleadings and facts of this case, this testimony was inadmissible, and it was error to refuse the requested instruction.

*Reversed and remanded.*