CARVER GIN AND MACHINE COMPANY *v.* C. W. GADDY.

1. BREACH OF WARRANTY.  *Defense to action on promissory note.  Extent of recovery.  Case in judgment.*

  A gin company sold a cotton gin to Gaddy, with warranty as to quantity and quality of work it would do, and took his promissory note of two hundred dollars for the price thereof. Gaddy, after trying it, became dissatisfied with the gin and notified the company that he held it subject to their order; but he continued to use it, and thereafter ginned about one hundred and fifty bales of cotton with it. He was sued on his note and resisted payment on the ground of a breach of warranty and failure of consideration. *Held*, that the gin company is entitled to recover the actual value of the gin.

2. SAME.  *Rescission of contract.  Notice thereof counteracted.*

  If Gaddy intended to rescind his contract of purchase of the gin, in the case above stated, it was his duty to return the gin within a reasonable time after discovering the alleged breach of warranty; and his use of it, after giving notice that he held it subject to the company's order, was in effect a withdrawal of such notice.

3. SAME.  *Time allowed to test warranty.  Duty of warrantee.  Instructions.*

  An instruction in the above-stated case, to the effect that if Gaddy did not offer to return the gin till he had used it during "a season, or a part of a season," then he is liable for its value, is erroneous in not allowing a reasonable time for trying the gin. And, on the other hand, an instruction to the effect that if there was a breach of the warranty the consideration of the note had failed and there could be no recovery (there being no reference to a return of the gin or its use after the breach of warranty) is also erroneous.

APPEAL from the Circuit Court of Montgomery County.

HON. C. H. CAMPBELL, Judge.

The case is stated in the opinion of the court.

*Sweatman, Trotter & Trotter*, for the appellant.

Suppose the gin did not come up to representations, did defendant have the right to keep it through an entire ginning season and then decline to pay anything for it? Say that he did notify the plaintiffs that it was subject to their order, was the offer in good faith? If so, why did he still keep and use it during the balance of the ginning season and never stop using it at any time. It would not do to say that this offer was honestly made, but that he afterward changed his mind and concluded he would keep it, for to

do this would equally do away with the force and effect of his offer to return and make it alike of no effect.

But if the offer to return was effective when made, it certainly did not stand good when the defendant subsequently used the gin. The offer to return, as we understand it, is to put an end to the contract—a complete surrender of all control over the property bought and a refusal to use it.

And though the vendors do not receive it when vendee offers to return, the vendee "must avoid the use or employment of the property in any manner inconsistent with the vendor's rights," and if the vendee takes it and uses it as his own he will be deemed to have waived all rights derived from his tender, and cannot afterward rescind the contract." Hilliard on Sales, page 422, § 26 ; *Dill* v. *Camp*, 22 Ala. 249 ; *McCulloch* v. *Scott*, 13 B. Mon. 172.

"If the article is of any value its retention by the vendee is his acknowledgment to the vendor of his liability to him to that extent." *Harman* v. *Sanders*, 6 S. & M. 41.

All the instructions of defendant, except the first, proceed upon the idea that the defendant is entitled to a verdict provided the gin did not come up to representations, regardless of whether the defendant offered to return it or not or whether it was of any value or not. This, we submit, is wrong. The defendant was not entitled to a verdict if he kept the gin and used it and did not offer to return it, or used it after once having offered to return it. Same authorities as above.

*McInnis, Knox & McLean*, for the appellee.

The position of appellant's counsel, that if appellee kept and used the gin a season or part of a season and did not offer to return it till then, that he is bound to pay the value of it, is untenable. Do not the facts show that the appellee complained to the company about the gin, and did not the appellant's agents go and work on it, and did they not in a letter to appellee, on the 13th of October, 1882, say to him, "You shall be made right"? And did not one of their agents work on it on the 25th day of December, 1882, and does he not say in his deposition that he examined the gin and found that the four back rollers were short, and that the sheet-iron

covering for the rollers was too wide ?   Does that proof not show that there were defects in the construction of the gin, and does not the note sued on in this action show that it was executed on the 30th day of October, 1882 ? and was not the work done by the agent on the 25th day of December, after the execution of the note ? and if so, was the gin in good condition at the time of the execution of the note?

Appellee was not called upon to offer to return the gin while appellants were making an effort and showing a disposition to make good their contract.    –

Therefore we claim that the seventh instruction asked by appellants was properly refused by the court below, although it may announce a correct principle of law in the abstract, but if not applicable to the evidence in the case it should not be given. *Parker* v. *State,* 55 Miss. 414.

This court will not disturb the verdict of a jury if it can be supported by any fair view of the testimony which they may have taken and had a right to take, although a particular instruction which embodies a correct abstract principle may be refused, if, looking at all of the instructions given, the jury were furnished with full and sufficient guides as to the law to enable them to apply it to all the facts in evidence.   *N. O. R. R.* v. *Field,* 46 Miss. 572.

This court will not interfere with the verdict of a jury which has not been misled by instructions, except in very clear cases of error, passion, or prejudice.    *Gamblin* v. *State,* 45 Miss. 658 ; *Skinner* v. *State,* 53 Miss. 399.

ARNOLD, J., delivered the opinion of the court.

In the summer of 1882 appellants sold a cotton gin to appellee and afterward took his note for two hundred dollars for the same. The gin was warranted as to the amount and quality of work it would do.   Appellee failed to pay the note at maturity, and when sued on it in February, 1883, he defended on the ground that there was a breach of warranty and failure of consideration, and that when this was discovered he notified appellants that the gin was

subject to their order.    It is shown and not disputed that appellee retained the gin after its alleged failure to give satisfaction, and that he ginned a hundred and fifty or sixty bales of cotton on it during the ginning season of 1882–3.    The testimony is conflicting as to the character of the gin and as to the quantity and quality of its work.    The verdict and judgment were for the appellee.

Appellants assign for error that the court erred in refusing the seventh instruction asked for by appellants and in giving the instructions for appellee and in overruling their motion for a new trial.

Upon the undisputed facts of the case appellants were entitled to recover the actual value of the gin, if it were of any value at all. If there was a breach of warranty, appellee might have rescinded the contract by returning or offering to return the gin within a reasonable time after discovering the breach.    But in doing this, good faith was required.    If the contract were rescinded the gin thereby became the property of appellants and appellee could not use or employ it in any manner inconsistent with their rights.    His notice or offer to hold it subject to their order was, in effect, withdrawn by his subsequent and continued use of the property.    *Dill* v. *Camp*, 22 Ala. 249 ; *McCulloch* v. *Scott*, 13 B. Monroe 172.    His continued use of the gin after a breach of warranty became manifest would render him liable, at least to the extent of the value that might be placed upon the property by a jury.

The seventh instruction asked for by appellants—to the effect that if appellee kept the gin for a season, *or part of a season*, and ginned with it and did not till then offer to return it, he was bound for its value, notwithstanding there may have been defects in its construction—was inaptly drawn and properly refused.    If given, it would have precluded appellee from using the gin that part of the season, however short a time it may have been, necessary to make a fair trial of the gin.    The instructions given for appellee —some of which asserted in effect, that if there was a breach of warranty the consideration of the note had failed and the jury should find for the appellee, making no reference to a return or offer to return the property or to the use of the gin by him after the breach

—announced rules more favorable to the appellee than were warranted by the law and facts of the case.

*Reversed and remanded.*