STILLWELL, BIERCE & SMITH VAILE COMPANY *v.*
BILOXI CANNING COMPANY.

1. SALES. *Machinery.  Receipt.   Acceptance.*

When goods are sent to a buyer under a contract of sale, he is not
precluded from objecting to them on their receipt, but receipt will
be acceptance if the right of rejection is not exercised in a reason-
able time, or if any act be done by the buyer which he would have
no right to do unless he were the owner of the goods.

2. SAME.   *Use of goods.*

The use of machinery by the buyer, after testing it, is an acceptance,
although he notified the seller of its defects, informing him that
nothing more would be paid on the purchase money and that it
would be held as security for what had already been paid.

3. SAME.   *Purchase money.   Recoupment.   Warranty.*

A buyer, after accepting machinery with a warranty of its capacity,
cannot wholly escape liability for the purchase money by showing
a breach of the warranty.   Where the warranty survives the accept-
ance, he may recoup his damages, and it does so survive if the
contract of sale do not provide otherwise.

4. SAME.   *Burden of proof.*

The burden of proof is on the buyer who accepts machinery, not-
withstanding a breach of warranty, to show the breach and the
extent of his damages because thereof.

FROM the circuit court of Harrison county.

HON. THADDEUS A. WOOD, Judge.

The Stillwell Bierce & Smith Vaile Company, the appellant,
was the plaintiff in the court below; the Biloxi Canning Com-
pany, appellee, was defendant there.   The suit was for the
recovery of the purchase money of an ice manufacturing plant,
and the nature of the controversies is apparent from the opinion
of the court.   There was no provision in the contract that the
acceptance of the machinery should be in satisfaction of the
seller's warranties.

*White & Harper* and *Harper & Potter*, for appellant.

Appellee had either a right to return the machine as soon as he found that it was defective, rescind the contract and sue for his damages, or he had a right to keep the machine and recoup for his damages, by reason of defects in the machinery, in an action for the purchase price, but he had no right to keep the machine and deny his liability either for the purchase price or the actual value of the machine. There is an unbroken current of authorities, all holding that a purchaser cannot retain the property and deny his liability for the purchase money because of defects in the property. *Corom City Glass Co.* v. *Fried-louder*, 84 Wis., 53; *Brown* v. *Foster*, 108 N. Y., 387; *Andrews* v. *Hensler*, 6 Wall., 254, s.c. 18 L. Ed., 737; 21 Am. & Eng. Enc. L., 84; Add. on Contracts, 273; *Voories* v. *Earl*, 2 Hill (N. Y.), 288; Story on Contracts, 1080; Chitty on Contracts, 815, 689, 691, 485; *Ware* v. *Haughton*, 41 Miss., 370; *Ketler* v. *Miller*, 119 N. C., 475; *Phelps* v. *Piercy*, 41 Kan., 763; *McBride* v. *McClure*, 49 Ill. App., 612; *Altmon* v. *Thierman*, 34 Iowa, 272; *White* v. *Hanchett*, 21 Wis., 415; *Dennis* v. *Staughton*, 55 Vt., 371; *Smith* v. *Estey Organ Co.*, 100 Ga., 628; *Railroad Co.* v. *Richards*, 30 L. R. A., 44; *Hinson* v. *Dunn*, 41 Am. Dec., 100; *Brantley* v. *Thomas*, 73 Am. Dec., 264; *Perley* v. *Bolch*, 34 Am. Dec., 56; *Burton* v. *Stewart*, 20 Am. Dec., 692; *Aultmon* v. *McFallen*, 11 F. R., 836; 1 Parsons on Contracts, 593; Story on Contracts, sec. 977; *McCulloch* v. *Scott*, 56 Am. Dec., 561; *Saw Works* v. *Land Co.*, 42 S. W., 527; *Cherry* v. *Cox*, 45 S. W., 122; *Sawford* v. *Gates*, 21 Mont., 277; *Rice* v. *Gilbreath*, 119 Ala., 424; *Machine Co.* v. *Knoll*, 57 Neb., 790; *Johnson* v. *Jackson*, 27 Miss., 498; *Jagers* v. *Griffin*, 43 Miss., 134; Bishop on Contracts, 679; Tiedeman on Sales, 163.

The court did not submit to the jury the question as to whether or not this conduct on the part of appellee, using the machinery, constituted an acceptance, but, by the first instruction given for defendant, in effect, said to the jury that such

conduct did not constitute an acceptance, and that, without considering any other question, if the plaintiff had failed to establish the fact that the machine came up to the contract, they should find for the defendant.

There is no authority, for the proposition that, after the discovery of defects in the machine, the purchaser can exercise the right of ownership, even in making a test of the machine, without forfeiting his right to defend against a suit for the purchase money. He could not, after discovering the defects in the machine, even make a test to discover the extent of his damage by reason of the defects, and in no case that we have been able to find has it ever been held that he could use it after discovering its defects and deny liability for its actual value, but the universal rule is that, after the defects are discovered, any acts of ownership by the purchaser, or any acts inconsistent with the ownership of the seller, constitute a waiver of the right to rescind and will be construed as an acceptance.

We could multiply authorities *ad infinitum* in support of the rule above stated, but we deem it unnecessary, for we are confident that this court will not permit this judgment to stand, thereby depriving appellant of his property and also compelling him to pay back to appellee all that he has paid out on the machinery, while the appellee makes a clear profit of the machine and is permitted to retain both the machine and the purchase money.

*Mayes & Harris*, for appellee.

The defendant denied its liability on the ground that the machine, with its attachments as made, did not fill the warranties of the contract, and offered by way of recoupment, a statement of damages arising out of the breach of the contract to manufacture and deliver. The controlling stipulation in it is as follows: "We further guarantee that if only two of said storage rooms are run, the machine will cool two of said rooms and produce four tons of ice per day of twenty-four hours

of continuous operation.   We propose to furnish you the fore-
going machinery, delivered on cars at Biloxi, Mississippi, in-
cluding the services of one good man to superintend its erec-
tion and give instructions to your engineer for a period not ex-
ceeding ten days, for the net sum of $5,000, payable as follows:
One-fourth on shipment of said machinery, one-fourth on com-
pletion of its erection and performance as herein proposed,
one-fourth in four months from shipment, and one-fourth in
six months from shipment,'' etc.

The substantial defense in this case was and is that the
plaintiff below did not fulfill its guaranty; that the machinery,
as delivered and erected, was not capable of cooling the two
storage rooms and also of making four tons of ice per day as
warranted; and, because of said breach of warranty, the de-
fendant denied its liability, and offered to prove damages by
way of recoupment.   On this question of acceptance or non-
acceptance, distinctions are to be taken.   In the first place
there is a distinction, and it is an exceedingly important one,
between the liabilities in respect to the sales of chattels by a
mere seller on the one hand and a manufacturer on the other.
The liability of a manufacturer is much greater, and the law
holds him to a stricter rule.   The plaintiff in this case was a
manufacturer and not a mere seller.   In the second place, there
is a distinction between classes of chattels.   There are chattels
(and this case falls within that category) where the test of quality
can only be made by operation; this is especially true in regard to
complicated and delicate and cumbrous machinery.   It was im-
possible to tell whether the machine would make the product
stipulated for without trying it.

In a case like this a use by way of a test, merely to ascertain
whether the guaranty of the contract was fulfilled, was not
such a use, as the defendant had, under its contract, no right
to make except as owner.   The very contract itself made the
second payment contingent on performance, and the contract
on its face provided that the machinery was to be delivered at

Biloxi on the cars, and contemplated evidently the erection of it by the defendant company, and only provided that the defendant company should have present an instructor to show the servants of the defendant how to operate it. According to the terms of the contract, any test that was made had to be made by the defendant, although in making such test the defendant might make use of and employ the operatives of the plaintiff. But, even if the operation of the machinery under the circumstances could be and should be treated as an acceptance under the law, yet the consequence of that acceptance is very different from that attributed to it by appellant's counsel. Acceptance is not a waiver of all objections. In this connection we must again point to the fact that there is a distinction to be taken between chattels bought and sold, a distinction based upon the nature of the chattels themselves, and upon the conditions under which they are bought and sold. An acceptance of chattels purchased under some circumstances has the effect of a waiver, but not under conditions similar to the case at bar. Here is a case of an executory contract to manufacture and supply a complicated and ponderous machine with a certain capacity for the production of a certain product. There is no question of *caveat emptor*. There is not even a question of an implied warranty. There is an express warranty of quality, that quality being the capacity for the production of a certain output. In this sort of case, even if it be held that the machine had been accepted by its operation, yet that acceptance would only operate to pass title from the plaintiff to the defendant, and to prevent the defendant from refusing to receive the machine and directing the plaintiff to take it away, repudiating the contract altogether. Even if the defendant accepted the plant, it still had the right to keep and use the property, and at the same time to recoup as damages the injury which it has suffered by the breach of guaranty or warranty in any action brought by the plaintiff for the purchase price; that the defendant had this right is perfectly well settled law. Tiede-

man on Sales, sec. 197; *Stillwell & Bierce Mfg. Co.* v. *Phelps*, 130 U. S., 520; *Pullman, etc., Co.* v. *Railway Co.*, 157 U. S., 94.

The property was seized under process in this case, and, therefore, it is not in appellee's possession; appellee did not give bond to receive the property back from the sheriff; it is, therefore, in possession of appellant, either actually or constructively.

Argued orally by *W. A. White* and *W. R. Harper*, for appellant, and by *Edward Mayes*, for appellee.

TERRAL, J., delivered the opinion of the court.

The appellee bought of appellant a Victor ice and refrigerating machine and machinery for the price of $5,000, one-fourth the price to be paid on the shipment of the machine and machinery and the remainder at future periods. A default occurred in the payment of the credit part of the purchase money, and this suit followed. The appellant, upon the sale of the machine and machinery, guaranteed that the ice machine would cool four storage rooms of named dimensions to a specified temperature and produce three tons of ice each day of twenty-four hours of continuous operation, or would cool two storage rooms and produce four tons of ice each day of continuous operation. The ice machine contracted for was what is known as a "compression plate machine." In it the ice is formed in large cakes, unwieldy for handling and difficult to be released from the plates without breaking. These disadvantages were as well known to the buyer as to the seller, and as to them there was no guaranty. The case was tried in the court below upon rigid and inflexible rules, and the jury were instructed, in effect, that, if the machine did the work guaranteed, they should find for the appellant, and, if it did not do the work guaranteed, they should find for the appellee. The appellant's testimony tended to show that the machine per-

formed or fulfilled the guaranty made of it, and the testimony of-
fered by the defendant below tended to show that the machine did
not, within the stipulated time, make the quantity of ice which
appellant guaranteed it would make, but how much less than
such stipulated quantity was not shown, or offered to be shown.
The insistence of the defendant was that, if the machine did not
entirely fulfill the guaranty as to the full quantity of ice to be
made, the plaintiff could recover nothing, although the ma-
chine might be of the value of the price to be paid for it.
We think the rule applied to the facts of the case was too rigid
and inflexible for a practical solution of the contention between
the parties.

In January, February and March, 1896, the machine and
machinery were erected upon the premises of the defendant,
and, being so erected, it was clear from the evidence that it
was operated for some time under the supervision of appel-
lant's engineer for the instruction of the defendant's engineer,
and for a sufficient time for the defendant to make up his mind
as to the acceptance of the machine.    In fact, on the twentieth
day of May, 1896, and after the machine had been under test
for more than ten days—the time specified in the contract for
that purpose—the appellee wrote to the appellant that the ma-
chine was not up to contract, and after the twenty-fifth it would
refuse to pay any bills for experimenting with the plant, and
would hold the machinery as security for what had been paid
upon it and for damages.    Yet, in direct contravention of this
notice and claim, the appellee proceeded, after the twenty-fifth
day of May, to operate said ice machine, and did operate it
from June 23 to July 14, 1896, inclusive, for its own use, and
sold and used together the product of the operation.    In fact, it
only ceased to operate the machine by reason of the seizure of
it by the sheriff under the writ issued in this suit for the pur-
chase money.    The use of the machine by the appellee after its
notice of May 20, 1896, and its operation by the appellee from
June 23, 1896, constituted an acceptance of it which it cannot

repudiate or deny. It was so used by the appellee rightfully or wrongfully, and a wrongful use will not be indulged; and such use amounted to a claim of the property as its own, and was tantamount to an acceptance of it under the purchase contract.

The intention of the appellee as manifested by its acts must override and control the expressions in its letter to appellant on the same subject. Benj. Sales (6th Am. ed., by Bennett), sec. 703, says: " When goods are sent to a buyer in performance of the vendor's contract, the buyer is not precluded from objecting to them by merely receiving them; for receipt is one thing and acceptance another. But receipt will become acceptance if the right of rejection is not exercised within a reasonable time, or if any act be done by the buyer which he would have no right to do unless he were the owner of the goods." The appellant, however, having guaranteed the ice machine to do certain specified work, it is bound, notwithstanding the acceptance of the machine by appellee, to make good such guaranty; for the acceptance of the machine by the appellee did not bind it to pay the whole purchase price, if in fact the machine did not answer the guaranty, and it was less valuable to the appellee on that account. In such case the guaranty survives the acceptance, and the appellee would have a right, in an action for the purchase money, to recoup the damages suffered in consequence of the breach of guaranty. And the measure of damages is the difference between the value of the ice machine as it in fact is and its value as it would have been as guaranteed. Upon the evidence produced, if it should appear that the ice machine delivered by appellant and accepted by appellee is of less value than the one contracted for, then the appellee may reduce the purchase price by such difference of value. 5 Benj. Sales (6th Am. ed., by Bennett), pt. 2. It is incumbent upon appellee, having accepted the ice machine, to show that the guaranty has been broken, and that the machine delivered is not equal in value to the machine contracted

for, and also to show the extent of the diminution of value, or the difference in value. It is perhaps needless to say that the appellee, having by its conduct accepted the ice machine and machinery, is entitled to no deduction of the purchase price except that rising from some breach of guaranty. *Studer* v. *Bleistein*, 115 N. Y., 316, 325, s.c. 22 N. E., 243, s.c. 5 L. R. A., 702.

*Reversed and remanded.*