## ALIG *v.* LACKEY.

### [75 South. 139, Division B.]

1. SALES. *Warranty. Failure to rescind. Rights of buyer.*
   Where a buyer of machinery, retains and uses the same after knowledge of its defect, his only right when sued for the price was a reduction of the amount by the actual value of necessary repairs to make the machinery come up to representations.

2. SALES. *Warranty. Rescission. Time.*
   Where a buyer retains and uses machinery after knowledge of defects he could not when sued for the purchase price, rescind the trade; at most, his right was to recoup.

3. SALES. *Breach of warranty. Instructions. Estoppel.*
   Where a buyer retains and uses machinery atfer knowledge of defects in the same, and after such knowledge promises to pay for same, the jury should have been instructed on the subject of estoppel where the buyer claimed breach of warranty.

APPEAL from the circuit court of Rankin county.
HON. J. D. CARR, Judge.
Suit by George Alig against H. C. Lackey. From a judgment for defendant, plaintiff appeals.
The facts are fully stated in the opinion of the court.

*Louis C. Hallam,* for appellant.

In this state of the record the court below gave for the appellee, defendant there, the following instruction, being the only instruction given for appellee on the trial, to wit:

"If you believe from a preponderance of the testimony that plaintiff warranted the machinery involved in this litigation to be sound and in good working order at the time of the purchase by defendant, and if you further believe that the valve, slide and other parts of the machinery were not sound and in good working order and that these defects, if you believe they existed,

were not known by defendant, then it is your duty to return the following verdict; 'We, the jury, find for the defendant.' ":

In other words, the jury were told that if there was any breach of warranty on the part of the plaintiff, no matter how slight, and no matter what the real value of the saw mill and machinery was, the plaintiff could recover nothing. This is not law. *Commission Co.* v. *Crook,* 87 Miss. 451; *Stilwell Co.* v. *Biloxi Co.,* 78 Miss. 786; *Auto Co.* v. *Sturgis,* 107 Miss. 850; *Westmoreland* v. *Walker et al.,* 25 Miss. 77; *Carver Gin Co.* v. *Gaddy,* 62 Miss. 203. For this error, the judgment of the lower court must be reversed.

The letters written by appellee to the bank at Jackson and to appellant's attorney, above quoted, were pleaded by appellant in the court below as a full and complete waiver by appellee of any alleged breach of warranty. Under our statute they constituted new promissory notes, and the action, therefore, was based on these letters, so far as the breach of warranty was concerned, as much as on the original note.

I find no authority directly bearing on the question in this state, but it has been held elsewhere that the giving of a promissory note, or the making of a promise to pay, with knowledge of defects constituting a breach of warranty is a waiver of the breach. *Osborne Co.* v. *Birdsall,* 57 N. Y. App. Div. 41; *Harder* v. *Carter,* 97 Ga. 273; *American Car Co.* v. *Atlanta, etc.,* 100 Ga. 254; *Lunsford* v. *Malsby,* 101 Ga. 39; *Thomas* v. *Sexton,* 15 S. C. 93; *Vanderbeck* v. *Francis,* 75 Conn. 467.

The principle of estoppel here contended for is upheld by this court in a very recent decision, in which this court speaking through Justice SYKES, said, in part:

"However, leaving out of consideration the testimony of the plaintiffs in this case, the defendants are estopped by their conduct to plead any such breach of warranty; on the contrary, we have their solemn ad-

missions, made upon three different occasions, that the machinery was satisfactory in so far as the written warranties were concerned. It therefore follows that the court below erred in failing to give the peremptory instruction asked by plaintiff in the court below. Reversed and judgment here for the appellant in accordance with this opinion." *Case Threshing Mach. Co.* v. *McCoy,* 72 So. 139.

For the reasons indicated, it is respectfully urged that the judgment of the lower court be reversed, and that judgment be entered here for the appellant.

*A. J. McLaurin,* for appellee.

The issues in this case are three. 1.—Was there an express warranty of the machinery? Appellee testified at page three of the record that he purchased said machinery on the warranty of appellant, the warranty being that appellant would "guarantee" said machinery to be all right. This is a warranty. If the language of the vendor amounts to an affirmation that the property is sound, it is a good warranty, although the word "warranty" be not used. *Kinley* v. *Fitzpatrick,* 4 H. 59, 34 Am. Dec. 108; *Collins* v. *McCargo,* 6 S. & M. 128.

2. If so, was there a breach? There is no testimony in the record as to that, but granted there was a warranty, it was not breached. On the contrary all the testimony goes to show that the machinery was not all right at the time of the purchase and warranty, but was in bad shape, containing defects which could not be observed without tearing the machinery to pieces.

3. If there was a warranty and breach, was appellee damaged and how much?

There is no conflict as to this issue. Appellee testifies it cost him three hundred dollars to make the machinery all right and as it should be. But the measure of damages is the difference between what the saw mill was worth in good order and in such shape as the war-

ranty said it was, and what it actually was at the time of the warranty. *Stilwell Co. v. Biloxi Co.,* 78 Miss. 786, near the bottom of the page; Benjiman on Sale, Pt. 2.

There is no conflict in the testimony as to what that difference was. The only testimony in regard to this is that of appellee when he says that it was only worth one hundred dollars in the condition he took it, which condition was not found out by him until after he had purchased the mill, moved it and set it up to run.

Appellee and witnesses Owen and Seany testified as to what constituted the breach of warranty, which testimony is not disputed. Appellant contends that, even though there was a breach that appellee had waived the same by setting up the machinery and running it for a certain length of time. This is not a waiver of the breach.

Counsel for appellant confuses the waiver of a breach of warranty as effecting acceptance of the thing and waiver of a breach of warranty as affecting the right of the purchaser to sue for the breach or recoup his damages where he is sued for the purchase price.

The purchaser by his conduct waived his right to refuse acceptance on account of a breach of warranty, but a breach of warranty survives acceptance. *Stilwell Co. v. Biloxi Co.,* supra; 35 Cyc., p. 430.

The acknowledgment that goods are satisfactory will not amount to a waiver, even in these jurisdictions where a waiver of a breach of warranty may be shown by the conduct of the purchaser. 35 Cyc. 429. There are only a few jurisdictions in the United States where a breach of warranty cannot be waived by conduct of the purchaser and this state is not one of these.

Appellee certainly is not estopped to testify in explanation of his letters and if he were, the fact is that all they could be held to waive was a refusal to accept the property on account of the breach of warranty. He did, in fact, by his actions accept the prop-

crty and therefore became liable for the purchase price, subject to recoupment or his right to sue for the breach.

The instruction complained of by appellant is correct and if there was in fact a warranty and breach thereof, appellee was entitled to a verdict.

ETHRIDGE, J., delivered the opinion of the court.

George Alig, appellant, was plaintiff below and filed suit on a promissory note for two hundred and twenty-five dollars, which was given as part of the purchase money of certain machinery. The note was secured by a deed of trust on the machinery in question, being a steam engine, boiler, and sawmill outfit. It was contended by defendant that the plaintiff had warranted the machinery to be in good, sound condition, and that as a fact the machinery was not in good condition, but that the defendant was compelled to spend large sums of money in repairing the machinery. The machinery was sold and the note given May 24, 1913, the machinery at said time being situated at Plain in Rankin county and moved to Greenfield in Rankin county and thereafter operated by Lackey. On January 5, 1915, Lackey wrote the Merchants' Bank & Trust Company, who then held the note for collection, that it was impossible to pay the note at the present time as the market for lumber had been bad and he had hardly made expenses, but that he would pay interest if Mr. Alig would renew this note, and that he hoped that in the near future that he would be able to pay part, if not all, of the note. The note was thereupon turned over to an attorney, and Mr. Lackey wrote the attorney on the 11th day of February, 1915, as follows:

''I wish to say in regard to the note I owe Mr. Alig, it is impossible for me to pay it now as we have no lumber market to speak of, and times are such as you know it is most impossible for a man to live, as high as everything is. But I will pay same as soon as I can

and expect to. But if he has to have his money right now, go ahead and sell it, as I cannot meet my obligation at the present time. I will pay the interest of twenty-three dollars, but that is all at present.''

Suit was filed on May 3, 1915. On the trial the contentions of the defendant were denied as to warranty, and it was contended by the plaintiff that it was a sale without warranty, and also that the defendant had recognized the justness of the demand, and had used the machinery after discovering the defects, if any, and that he was not entitled to a rescission or recoupment on account of any defects in the machinery. On the trial of the cause the court gave the defendant the following instruction:

''If you believe from a preponderance of the testimony that plaintiff warranted the machinery involved in this litigation to be sound and in good working order at the time of the purchase by defendant, and if you further believe that the valve slide and other parts of the machinery were not sound and in good working order, and that these defects, if you believe they existed, were not known by defendant, then it is your duty to return the following verdict, to wit: 'We, the jury, find for the defendant.' ''

We think the giving of this instruction was error. In the first place it warrants the jury in returning a verdict for the defendant if there was a defect in any of the machinery without embracing a qualification that the defendant must have rescinded the contract promptly on finding out the defect; and by not qualifying the instruction so as to limit the reduction of the amount to the actual value of necessary repairs to make the machinery come up to representations. The defendant having retained the machinery after knowledge of the defects and used the machinery thereafter, could not, when sued on the note, rescind the trade. At most, his right was to recoup; and the jury should have been

instructed as to the element of estoppel by using the machinery after the note became due and payable, and by promising to pay after knowledge of such alleged defects. For the error indicated, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*