J. B. COLT CO. *v.* MAZINGO.*

[106 So. 533. No. 25328.]

(Division A.    Jan. 4, 1926.)

1. SALES. *On discovery that goods do not comply with warranty, buyer may rescind and offer to return, or, when sued, set off difference between price and value of goods; offer to return goods*

· *for breach of warranty must be made within reasonable time
after discovery of defects; if offer to return goods for breach of
warranty is declined, they must not be appropriated by buyer to
his own use.*

Where goods are sold with a warranty of their character or quality,
the purchaser, after accepting the goods, on discovering that they
are not of the character or quality warranted, may rescind the
contract by returning or offering to return the goods to the seller,
or he may keep the goods, and, when sued for the price thereof,
may set off against such price the difference between it and the
actual value of the goods delivered. The offer to return the
goods in order to constitute a rescission of the contract must be
made within a reasonable time after the discovery by the pur-
chaser of the defects therein, and, if such offer is declined by
the seller, the goods must not thereafter be appropriated by the
purchaser to his own use.

2. SALES. *Buyer of machinery, using it after knowledge of defects,
can set off only amount necessary to bring machinery up to war-
ranty.*

Where a purchaser of machinery which falls below, but which can
be brought up to, a warranty thereof by the seller uses the ma-
chinery after knowledge of its defects, he can, when sued for the
price of the machinery, set off against such price only the amount
necessary to be expended in bringing teh machinery up to the
warranty.

*Headnotes 1. Sales, 35 Cyc., pp. 435, 436, 437, 439, 440 (Anno), 441,
470; 2. Sales, 35 Cyc., p. 474.

APPEAL from circuit court of Wayne county.
HON. C. C. MILLER, Judge.
Action by the J. B. Colt Company against W. A.
Mazingo. Judgment for defendant, and plaintiff appeals.
Reversed and remanded.

*J. B. Saxon,* for appellant.

The case of *J. B. Colt Company* v. *Odom* (1924), 101
So. 853, should govern here. The court below erred in
granting the instruction as follows: "The court in-
structs the jury for the defendant that if you believe from
the preponderance of the testimony that the light plant
in question failed to measure up with the contract in this

case, or that it was not automatic in action, then you should find for the defendant.'' The court below further erred in refusing to grant the peremptory instruction asked for by appellant. In the case just cited the court held that where the property is not entirely worthless and where it has been warranted as to the quality and workmanship, it is the duty of the purchaser to return or offer the return of such property for a breach of warranty within a reasonable time after the same is discovered. If he retains the property after such notices and without such offer, he can defend only as the difference between the value of the article as warranted and the purchase price paid therefor.

Appellee states that he wrote appellant to take the plant back, but he does not say when he made such requests. So there is nothing before the court to determine whether or not the offer was made at a reasonable time. Appellee executed the note April 8, 1920, and it came up for hearing January, 1925, five years after the plant was installed.

*A. G. Busby,* for appellee.

The case of *J. B. Colt Company* v. *Odom,* 101 So. 853, should win this case for appellee. This case held, ''Where the property is not entirely worthless, and where it has been warranted as to quality and workmanship it is the duty of the purchaser to return or offer to return such property after such notice, and without such offer, he can defend only as to the difference between the value of the article as warranted and the purchase price paid therefor.'' In the case at bar the appellee testified that the said plant was worthless and that he also offered to return said plant. These two facts would clearly entitle this case to be affirmed. See also in this connection *Dulaney et al.* v. *Jones & Rogers,* 57 So. 225, where the supreme court held; ''Where the goods purchased were worthless and valueless, the buyer need not return or offer to return them, to escape liability for the price.''

In the case at bar the testimony shows clearly and undisputedly that the light plant in question was worthless. Therefore, this case should be affirmed.  See, also, *Ash* v. *International Harvester Company of America,* 58 So. 529.

*J. B. Saxon,* in reply, for appellant.

The *Ash case* cited by appellee, 58 So. 529, and the *Dulaney case,* 57 So. 225, have no application in the case at bar.  So with all due respect to the appellee, I submit to the court that if appellant has mistreated or defrauded or has attempted to mistreat or defraud or wrong appellee in any way, the record failed to disclose that fact; and if appellee is entitled to any relief whatever the records in the case failed to disclose that fact.

SMITH, C. J., delivered the opinion of the court.

The appellant sued the appellee on a promissory note, and from a judgment in the appellee's favor has brought the case to this court.  The evidence on which the case was submitted to the jury is, in substance, as follows:

The appellee purchased from the appellant a lighting plant, and executed to it therefor the promissory note sued on.  The contract of sale was in writing, and one of its provisions is—"that in accepting this order the company warrants the apparatus furnished to be thoroughly durable, galvanized steel acetylene generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters."

The plant was installed by an agent of the appellant, and was accepted by the appellee by a written statement, setting forth, among other things, that "the installation is complete and satisfactory."  According to the evidence for the appellee, the acetylene generator would not and could not be made to work automatically; consequently he was unable to use the plant at all.  The appellant was

notified that the generator would not work automatically and it sent an agent there who tried, but could not, according to the evidence for the appellee, remedy the defect. The appellee claims to have offered to return the machine to the appellant, his evidence relative thereto being contained in the following questions and answers:

"Q. Did you ever offer this machine back to them? A. Yes, sir.

"Q. You say you offered it back? A. Yes, sir; and wrote them for shipping instructions."

The appellee's evidence with reference to the value of the plant in the condition in which it was delivered is contained in the following question and answer:

"Q. State to the jury whether or not the plant is worth anything at all to you as a lighting plant? A. No, sir; it is not worth anything. I would give something to get it out of the way."

The court below charged the appellee for the defendant —"that, if you believe from the preponderance of the testimony that the light plant in question failed to measure up to the contract in this case, or that it was not automatic in action, then you should find for the defendant."

Where goods are sold with a warranty of their character or quality, the purchaser, after accepting the goods, on discovering that they are not of the character or quality warranted, may rescind the contract by returning or offering to return the goods to the seller, or he may keep the goods, and, when sued for the price therefor, may set off against such price the difference between it and the actual value of the goods delivered. In other words, the seller in such a suit can recover the actual value of the goods delivered. The offer to return the goods in order to constitute a rescission of the contract must be made within a reasonable time after the discovery by the purchaser of the defects therein; and, if such offer is declined by the seller, the goods must not thereafter be appropriated by the purchaser to his own use. *Ware* v. *Houghton*, 41 Miss. 370, 93 Am. Dec. 258; *Caver*

*Gin & Machine Co.* v. *Gaddy*, 62 Miss. 201; *Stillwell* v. *Biloxi Canning Co.*, 78 Miss. 779, 29 So. 513; *Colt Co.* v. *Odom*, 136 Miss. 651, 101 So. 853.

Where the purchase is of machinery which falls below, and which can be brought up to, the warranty thereof by the seller, the purchaser, if he uses the machinery after knowledge of its defects, when sued for the price thereof, can set off against such price only the amount necessary to be expended in bringing the machinery up to the warranty. *Alig* v. *Lackey*, 114 Miss. 392, 75 So. 139.

The rescission of the sale here claimed to have been made does not come within the foregoing rules therefor, for it does not appear when the offer to return was made, nor what disposition the purchaser thereafter made of the machinery. Assuming that the evidence is sufficient to show that the machinery could not by the expenditure of a reasonable amount therefor be brought up to the warranty, the measure of the appellee's damages is the difference between the purchase price of the machinery and its value in the condition in which it was delivered to him. The evidence does not disclose what this value was. It simply discloses that the machine was of no value as a lighting plant. But it does not follow therefrom that the machinery was without any value at all.

It follows from the foregoing views, first, that the instruction hereinbefore referred to should not have been granted, and, second, the verdict is not sustained by the evidence.

*Reversed and remanded.*