## J. B. COLT Co. *v.* FULLER.[*]

(Division B. Nov. 22, 1926.)

[110 So. 427. No. 25869.]

1. SALES. *Buyer's failure to notify seller of breach of warranty for more than year after purchase precluded rescission.*

    Buyer's failure to notify seller of any defect amounting to breach of warranty in sale contract for more than one year after purchase *held* so unreasonable as to, preclude rescission of contract.

2. SALES. *Buyer, failing to rescind contract for breach of warranty, is liable for purchase price, with right of set-off for difference between it and actual value.*

    Where buyer failed to rescind contract for breach of warranty for more than year after purchase, contract cannot be rescinded, and buyer is liable for purchase price, with right of set-off for difference in such price and actual value of property.

[*]Corpus Juris-Cyc. References: Sales, 35 Cyc, p. 151, n. 43; p. 441, n. 84.

APPEAL from circuit court of Clarke county.

HON. R. M. BORDEAUX, Judge.

Action by the J. B. Colt Company against W. A. Fuller. Judgment for defendant, and plaintiff appeals.. Reversed, and remanded for a new trial.

*Welch & Cooper* and *Roy B. Noble,* for appellant.

The alleged offer to return was not made until one year later when the collector for appellant called upon the appellee. At that time the plant had not been used at all in nine months and for twelve months the purchaser had known of the defects.

A reasonable time after discovering defects in the article purchased in which to return or offer to return is a question of law on the facts and this court held in

*Rumsey & Kikemeier Co.* v. *Jacob,* 46 So. 169, that after retaining an article for more than a year before return-ing, defendant could not by such return relieve himself of liability from the price. The peremptory instruction requested by the appellant should have been granted.

The verdict of the jury is not supported either by the pleadings or the evidence. *Colt* v. *Mazingo,* 106 So. 533.

*Reporter's note:* No brief was filed for appellee.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, J. B. Colt Company, sued the appellee, W. A. Fuller, to recover on a promissory note for two hundred thirty dollars given by Fuller to the Colt Com-pany for the purchase price of a carbide lighting plant which was duly installed upon Fuller's premises, under a contract of warranty as to the material, and that the plant would operate automatically. Appellee, Fuller, contended that the warranty was breached, and that the plant was worthless to him, and, upon this theory, the jury rendered a verdict in his favor, from which this ap-peal was prosecuted.

A number of cases similar to the one before us have reached this court in the recent past, and the principles of law governing the parties to these contracts are very well established by this court in a number of decisions. See *J. B. Colt Co.* v. *Mazingo,* 141 Miss. 402, 106 So. 533, as we think the rules announced in that case govern the instant case.

The note sued on was executed by Fuller after the carbide lighting plant had been installed for him, which was about the 1st of November, 1920, and was due one year after date. When the note became due, and the appellant attempted to collect it, the appellee, Fuller, for the first time, then notified the appellant that he had rejected the plant, and refused to pay for it, as it was worthless, would not operate automatically, and that

the warranty in the contract, in that regard, was breached; and Fuller refused to pay the note. Whereupon, this suit followed.

The testimony in the case shows that Fuller operated the plant for about three months after it was installed, and that, when it failed to operate, he continued to keep it for nine months longer, and when the note became due, which was after Fuller had been in possession and use of the plant for more than one year, he then attempted to rescind the contract and reject the plant. It will thus be seen that Fuller, the purchaser, kept and used the plant for more than a year before offering to return it on account of any defect or breach of warranty as to its material or automatic operation.

We do not think the contract could be rescinded by Fuller after appropriating and holding the plant for more than one year after its purchase without notifying the appellant of any defect that he had discovered which amounted to a breach of warranty in the contract, nor offering to return the property to the seller. This would be an unreasonable length of time to hold the property before giving notice of its rejection.

Therefore appellee cannot rescind the contract in this case, but must pay whatever amount may be due to appellant for the plant under the rule laid down in the case of *Colt Co.* v. *Mazingo,* 141 Miss. 402, 106 So. 533, *supra,* wherein it is held:

"Where goods are sold with a warranty of their character or quality, the purchaser, after accepting the goods, on discovering that they are not of the character or quality warranted, may rescind the contract by returning or offering to return the goods to the seller, or he may keep the goods, and, when sued for the price thereof, may set off against such price the difference between it and the actual value of the goods delivered. The offer to return the goods in order to constitute a rescission of the contract must be made within a reasonable time after the discovery by the purchaser of the

defects therein, and, if such offer is declined by the seller, the goods must not thereafter be appropriated by the purchaser to his own use.''

Therefore the lower court erred in failing to instruct the jury to find for the plaintiff in such amount as would be the difference between the purchase price of the plant and the actual value of the property delivered; that is to say, that the purchaser could not rescind the contract because he failed to give notice of such rescission within a reasonable time, but he must keep the plant and he may set off against the purchase price the difference between it and the actual value of the plant as afterwards shown with the defects developed. The above *Colt* v. *Mazingo Case* should have been followed as to the amount of recovery, because, under the proof, the plaintiff was entitled to recover some amount in the lower court.

Therefore the judgment of the lower court will be reversed, and the case remanded for a new trial on the question only of the amount due appellant under the contract and the facts in the case.

*Reversed and remanded.*