TROPICAL PAINT & OIL CO. *v.* MANGUM & HATCHER.

(Division A.   Dec. 16, 1929.)

[125 So. 248.   No. 28232.]

R. H. and J. H. Thompson, of Jackson, for appellant.

878

R. C. Russell, of Magee, for appellee.

Cook, J., delivered the opinion of the court.

The appellant, Tropical Paint & Oil Company, instituted this suit in the court of a justice of the peace of Simpson county against the appellees, J. J. Mangum and

J. M. Hatcher, doing business under the firm name of Mangum & Hatcher, to recover the purchase price of certain articles of merchandise sold by the appellant to the appellees under a written contract. On the return day of the cause in the justice of the peace court the suit was dismissed, and thereupon the appellant perfected an appeal to the circuit court. After an unexplained delay of several years, the appellees filed a special plea in the circuit court, alleging, in substance, that they were induced to execute the contract for the purchase of the merchandise by certain alleged false and fraudulent representations made by the appellant's salesman at the time the sale was consummated and the order for the goods signed. Issue was joined on this plea, and, at the conclusion of the testimony offered at the trial of the cause, the court refused a peremptory instruction requested by the appellant, and granted one requested by the appellees, and from the resulting verdict and judgment this appeal was prosecuted.

The facts, as shown by the testimony, are substantially as follows: At the time of the making of the contract sued on the appellant was engaged in the business of selling paint, oil, and sawmill supplies in Cleveland Ohio, while the appellees were engaged in the sawmill business in Simpson county, Mississippi. The appellant employed salesmen with authority to solicit orders for the sale of its goods, and one of these salesmen visited the appellees, and solicited and secured the written order for oils which is the basis of this suit. The salesman who secured this order had no authority to consummate the sale, and the order secured by him became binding upon the appellant only when received and accepted by it. The order signed by the appellees contained on its face the provision that "this order is placed with the understanding that it is positive and not subject to change or countermand unless so specified hereon any agreement not stated on this

order will not be recognized." The appellant accepted the order when it was received by it, and promptly shipped the merchandise so ordered, and it was received by the appellees. On March 13, 1922, seven months after the goods were shipped, and four months after the purchase price thereof became due and payable under the terms of the contract, and after the claim here sued on had been placed in the hands of a collection agency for collection, the appellees wrote to the appellant that they had just commenced to use the oil, and promised to pay for the same within thirty days if it proved satisfactory —otherwise that it would be returned at appellant's expense. Appellant's testimony was to the effect that no other or further communication was ever received from the appellees.

Over the objection of the appellant, the appellees offered testimony to show that before the written order was signed the appellant's salesman made certain representations as to the grade and quality of the oil, and its suitableness for the appellees' purposes, and that said representations proved to be false when the appellees attempted to use the oil. They further offered testimony tending to show that they were induced to sign the contract by representations made by the salesman to the effect that the oil would be delivered to them, with the right to test the same for a reasonable time, and, if they found it unsatisfactory, that they would not be required to pay for the same. The appellee Mangum, who signed the contract, testified that he understood that the paper he signed was a mere order, but that he relied on the representations of the salesman, and did not read the order.

It is well settled that in a suit for the price of goods sold upon a written contract or order which, by its express terms, excludes all agreements with agents or salesmen not written therein, parol evidence of prior or con-

temporaneous promises or agreements which are not expressed in the written contract is inadmissible, unless the contract was procured by fraud. This being the established rule, the first question presented for decision then is whether or not the evidence is sufficient to show that the contract sued on was procured by fraud. The evidence shows that the written contract or order was handed to Mangum, who signed it for the appellees, and he was given every opportunity to examine and read it. Mangum understood that it was a mere order for goods, to be forwarded to the appellant for acceptance, and it was stated on the face of the order that it was not subject to change or countermand, unless so specified therein, and that ''any agreement not stated on this order will not be recognized.'' These terms of the contract were before Mangum when he executed it. He was able to read and write, and note the terms of the contract, and had every opportunity to do so; and, having failed to do so, he cannot escape liability under the contract by reason of any prior promises or agreements made by the agent who negotiated the contract. Colt Co. v. Odom, 136 Miss. 651, 101 So. 853.

The appellees contend, however, that the peremptory instruction in their favor was properly granted, for the reason that there was an implied warranty that the oil purchased by them was suitable for the particular purpose for which it was sold, and that the proof that the oil was not suitable for the particular purpose for which it was sold was uncontradicted. Under the proof in this record, there was no rescission of the sale, for the reason that there was no return, or offer to return, the goods within a reasonable time. The appellee Mangum testified that at some undisclosed date, but admitted to be more than seven months after the goods were shipped, he offered to return the goods. This evidence did not bring the case within the rule that a rescission of the contract

may be effected by a return, or offer to return, the goods to the seller within a reasonable time. While there was evidence tending to show that the oil delivered was not suitable for the appellee's purposes, and could not be used by them for the particular purpose for which it was purchased, the evidence wholly fails to show the value of the oil, or that the same was worthless. Conceding, for the purpose of this decision, that the appellees had the right to set off against the price charged for the oil the difference between such price and the actual value of the oil delivered, there was no evidence from which such actual value could be determined or fixed. Colt Co. v. Mazingo, 141 Miss. 402, 106 So. 533. Consequently the peremptory instruction requested by the appellant should have been granted, and therefore the judgment of the court below will be reversed, and judgment will be entered here for the appellant. Reversed, and judgment for appellant.