ATTALA COUNTY *v.* MORRISSEY-EASTON TRACTOR CO., INC.

(Division A. March 7, 1932. Suggestion of Error Overruled April 4. 1932.)

[139 So. 866. No. 29853.]

Jas. T. Crawley, of Koscuisko, for appellant.

J. Wesley Miller, of Kosciusko, for appellee.

Argued orally by **Jas. T. Crawley,** for appellant, and by **J. Wesley Miller,** for appellee.

**Cook, J.,** delivered the opinion of the court.

The Morrissey-Easton Tractor Company, Inc., filed this suit against Attala county, seeking to recover the balance of the purchase price of two tractors and one maintainer sold to the county for use in constructing and maintaining the public roads of the county.

The declaration charges that, by proper orders of the board of supervisors, competitive bids for each of these machines were invited by proper advertisements therefor; that, in response to such advertisements, the appellee, Morrissey-Easton Tractor Company, Inc., sub-

mitted bids for furnishing each of said machines specifying in each bid the terms of payment to be made by the county; that, at regular meetings of the board of supervisors, by orders duly entered on the minutes of said board, these bids were accepted by the county as being the lowest and best bids for said machines; and that these several machines were delivered to, and accepted by, the county, and had been continuously thereafter used on the roads of the county.

The declaration also sets forth the payments that had been made on the purchase price of these machines in pursuance of the contracts of sale, and charges that the board of supervisors, after repeated demands, had refused to pay the balance of five thousand one hundred fifty dollars due on these contracts of sale, for which balance recovery is sought herein.

The defendant company filed a plea of general issue, and gave notice thereunder that it would offer evidence to prove that, at the time the said contracts were entered into, the county was without sufficient funds to contract said debt, and, therefore, said contract and debt were void and of no force and effect. It also filed a purported special plea of breach of warranty reading as follows: "And now comes the defendant in the above styled cause, and for plea to plaintiff's declaration filed in said cause says that the said machinery and equipment and supplies were not as guaranteed, and the said price was not as guaranteed and represented, and the said machinery and equipment has not held up, and has not been as represented, and for these reasons, the said defendant denies liability thereon."

To this special plea, the appellee filed a demurrer which was sustained, and the cause proceeded to trial, resulting in a judgment in favor of the appellee for the amount sued for.

For the purpose of the record on this appeal, counsel for the respective parties entered into an agreement to

the effect that, after the demurrers to the pleas were sustained, the plaintiff offered proof which was sufficient to establish the contracts as set out in the minutes of the board of supervisors, the acceptance of the machines, and the payments made thereon by said board; that the county thereupon offered to introduce testimony showing that the said machines and equipment so bought were not as guaranteed and represented; that said machines and equipment had not held up, and were not as represented by the appellee; that the price was not as guaranteed by the appellee; and that objections were sustained to the testimony so offered by the appellant.

It was further agreed that the cause might be appealed to this court on this statement of facts.

In the case of Colt Co. v. Mazingo, 141 Miss. 402, 106 So. 533, 534, the rights of a purchaser of goods or machinery which do not come up to the warranty thereof by the seller are stated in the following language: "Where goods are sold with a warranty of their character or quality, the purchaser, after accepting the goods, on discovering that they are not of the character or quality warranted, may rescind the contract by returning or offering to return the goods to the seller, or he may keep the goods, and, when sued for the price therefor, may set off against such price the difference between it and the actual value of the goods delivered. In other words, the seller in such a suit can recover the actual value of the goods delivered. . . . Where the purchase is of machinery which falls below, and which can be brought up to, the warranty thereof by the seller, the purchaser, if he uses the machinery after knowledge of its defects, when sued for the price thereof, can set off against such price only the amount necessary to be expended in bringing the machinery up to the warranty."

In the case at bar there was no offer to rescind the contract of sale by returning the machinery and equipment to the seller, and no offer to show the cost of bring-

ing it up to the warranty, but the purchaser kept and used the machinery after knowledge of the defects therein, if any, and consequently its only right when sued for the purchase price thereof was to "set off (or recoup) against such price the difference between it and the actual value of the machinery and equipment." The special plea filed by the appellant, a demurrer to which was sustained, purported to plead in bar of the action a general statement that the machinery did not come up to the warranty thereof or was not as represented. This general averment was insufficient as a plea of set-off or recoupment of the difference between the purchase price and the actual value of the machinery, and consequently the demurrer thereto was properly sustained, as were also the objections to the evidence offered to show a breach of warranty. The judgment of the court below will therefore be affirmed.

Affirmed.