## Voos *v.* Lawrence.

(In Banc.   May 13, 1946.)

[26 So. (2d) 172.   No. 36119.]

(1)

C. F. Patterson, of Natchez, for appellant.

E. H. Ratcliff, of Natchez, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Lawrence, as plaintiff, brought suit against Voos for refund of the amount of purchase price paid by plaintiff for an outboard motor alleged to have proven defective. From a judgment for plaintiff, Voos appeals. The only assignment to be reviewed is the refusal of the trial court to grant a peremptory instruction for the defendant.

The motor was second-hand. Wherefore, unless there was an express warrant of fitness, there can be no recovery. See Williams v. McClain, 180 Miss. 6, 176 So. 717.

On this the record indicates that plaintiff came to the shop of defendant to have some tires recapped. Upon discovering the motor belonging to defendant, inquiry was made as to its condition. Defendant stated that it was 'in good condition', but that it needed repairs. Inquiry elicited that defendant would be willing to sell it for $150, but in view of its need for repairs would allow the

sum of $10 therefor making the net price $140, which was thereupon paid and delivery made. Plaintiff requested no inspection but, aware of its second-hand condition, and its need for some adjustments, inquired only as to the name of a suitable repair man.

According to the testimony for the plaintiff, the motor was taken to a mechanic who was unable to make it run. Defendant's witnesses testified that they not only adjusted it so that it could operate, but actually ran it satisfactorily in propelling a boat.

The transaction was made February 17, 1945. Some months later the motor was returned to defendant's place of business by plaintiff who reported his inability to make it function. Plaintiff did not demand a restoration of his purchase price, nor was the motor surrendered to Voos. The expressed purpose was to avail of Voos' offer to take it to New Orleans for accommodation of the purchaser to be adjusted. This was according to the testimony some time in August or late in July. A few days later plaintiff decided to demand return of the purchase price. Upon refusal, suit was brought September 28, 1945.

There was no designation as to the nature or extent of the repairs required to restore function, nor any warranty that the repair allowance of $10 would cover same. Plaintiff expended only $3 of the allowance. At no time between the date of purchase and the demand to rue back on the transaction was there any purpose to do otherwise than effectuate its repair. Plaintiff disavows any intention to do otherwise than to get it fixed.

We are of the opinion that there was no breach of any express warranty. Both parties understood that the motor was second-hand and needed some repairs, the exact nature of which neither could say with certainty. This situation, made part of the transaction by an allowance upon the purchase price made in view of such necessity, divests the assurance of 'good condition' of whatever import of warranty it might otherwise have carried. A warranty that a second-hand article is in good

condition but requires repairs to restore utility can mean no more than that the article can be made usable by reasonable repair. The record does not disclose that such is not the case. Moreover, plaintiff's acceptance of the motor without inspection or test in full knowledge that repairs would be needed to make it operable, together with his retention thereof for five or six months without offer to cancel the transaction, was inconsistent with any contention that particular defects, other than those implied by the acknowledged necessity for general overhauling, existed in violation of some express warranty. Compare J. B. Colt Company v. Odom, 136 Miss. 651, 101 So. 853; J. B. Colt Company v. Madingo, 141 Miss. 402, 106 So. 533; Kanson Hat & Cap Mfg. Company v. J. D. Blakeney, 142 Miss. 851, 108 So. 139. There was in this interval no complaint of his bargain but only of the article. It is true that the motor was finally left at Voos' place, but it was returned, not for redelivery but in conformity with plaintiff's persistent purpose to effectuate the repairs, of whose need he was completely aware at the time he solicited its sale to himself.

We do not belittle the importance of the issues here raised, nor speak in derogation of their right to serious consideration by taking into account the testimony that all popular prime movers of the type here involved are subject to recurrent spells of perverse inertia. These vexing traits, although beyond the reach of judicial knowledge would seem to invite judicial suspicion when, as here, they are fortified by cognizable report. It is no digression into fantasy for us to sense that there has gathered about these devices a tradition of eccentricity which confounds their users with an unpredictable whimsy and obstinacy. There are intimations that their capricious functioning is irresponsive to cajolery, diatribe or established ritual. That they, especially if theretofore exposed to prolonged usage, can be depended upon for naught else than unreliability is reflected by the record. It is disclosed that

some witnesses, either by good fortune or superior gifts, had coaxed this one into useful function.

Subjection to these harassing uncertainties may well have been spared by an express or unconditional warranty, yet defendant was not so bold or trustful, nor did plaintiff assume that fate would exempt him from his traditional risk.

In these circumstances there was no warranty that the motor was unqualifiedly in sound workable condition at the time of its sale, nor was there any such disparity between the condition as represented and as revealed as to constitute either deception or breach of warranty. The peremptory instruction requested by the defendant ought to have been given.

Reversed and judgment here for appellant.