GILES *v.* PHILLIPS.

No. 41443          April 4, 1960          119 So. 2d 349

*Albert S. Johnston, Jr., Arnaud Lopez,* Biloxi, for appellant.

*Wadlington & Corban,* Biloxi, for appellee.

McGEHEE, C. J.

In July 1956 the appellee, William B. Phillips, doing business as Phillips Sign Service, sold to the appellant, Barney M. Giles, doing business as Barney's Drive-In, a neon sign, which was manufactured, constructed and erected by the appellee for the use of the appellant at his place of business in Biloxi, Mississippi, for the contract price of $1,428, including sales tax. The sign was delivered and erected about October 20, 1956 when the appellant executed an acceptance thereof stating: ''I hereby accept * * * (1) neon sign as per contract less (1) unit N as in BARNEY'S, less (1) painted panel reading CURB SERVICE, OPEN 24 HOURS in good order. (To be picked up.)''

The proof disclosed without dispute that the words ''less (1) unit N as in BARNEY'S'' meant that the N in the neon sign had been broken and needed to be replaced, and that the same would be manufactured at Alexandria, Louisiana and would be ''picked up'' by the purchaser; and that the words ''less (1) painted panel reading CURB SERVICE, OPEN 24 HOURS'' meant that these words were to be displayed at or near the neon sign and that the same had been omitted, and that it was agreed that the same would likewise be manufactured by the appellee, and would be ''picked up'' by the appellant at the place of business of the former at Alexandria, Louisiana.

The appellant continued to use the neon sign at his place of business in Biloxi for more than a year without ever having stopped by the place of business of the appellee to pick up these two missing parts of the neon sign, and also he wholly failed to make any of the payments called for in his contract.

Upon the trial the appellant undertook to show that, notwithstanding his execution of the acceptance of the neon sign as being "as per contract" with the noted exceptions thereon, that the sign otherwise turned out to be defective due to improper manufacturing. The trial court ruled in substance that the appellant was bound by his acceptance of the neon sign "as per contract", with the noted exceptions, and directed a verdict in favor of the appellee for the amount sued for, including interest and a reasonable attorney's fee, but less what would be required to replace the broken letter "N" of the sign and less the cost of supplying the painted panel reading "Curb Service, Open 24 Hours." Proof was duly taken as to what a reasonable attorney's fee would be.

In our opinion when the sign was delivered and erected, the appellant could have refused to accept it and offered to return it or he could have kept the same and been entitled to credit on the purchase price thereof for the difference between its purchase price with the letter "N" and the "Curb Service" sign included, and the value of the sign with those two items omitted. He selected to keep and use the sign, and he is therefore liable for the purchase price thereof less the cost of replacing the broken letter "N" and the "Curb Service" sign.

In the case of Alig v. Lackey, 114 Miss. 392, 75 So. 139 (1917) it was held that where a buyer has the knowledge of defects in machinery and retains and uses the same, his only right, when sued for the purchase price, was a reduction in the amount thereof to the extent of the costs of the repairs or replacements. See also McDaniel v. Smith, et al, 210 Miss. 71, 48 So. 2d 638 where the Court held that a buyer's continued use of equipment after discovery of its alleged unsuitable and unsatisfactory condition without notifying the seller of rejection or without returning or offering to return the equipment to the seller, constituted acceptance by the buyers so as to make them liable on the notes for balance due. In this case there was no offer shown to return the equipment.

■■ The law on the issue involved here is set forth in the cases of Ware v. Houghton, 41 Miss. 370, 93 Am. Dec. 258; Carver Gin Co. v. Gaddy, 62 Miss. 201, Stillwell Co. v. Biloxi Canning Co., 78 Miss. 779, 29 So. 513; Sikemeier v. Jacob, 92 Miss. 562, 46 So. 169; 6 R. C. L. 936, Sec. 319; Williston on Sales, Sec. 611. We think that the controlling principle involved in the case at bar is set forth in the case of Stillwell Bierce & Smith Vaile Co. v. Biloxi Canning Co., 78 Miss. 779, 29 So. 513 as follows: ''When goods are sent to a buyer in performance of the vendor's contract, the buyer is not precluded from objecting to them by merely receiving them; for receipt is one thing and acceptance another. But receipt will become acceptance if the right of rejection is not exercised within a reasonable time, or if any act be done by the buyer which he would have no right to do unless he were the owner of the goods.''

We are of the opinion that there was no issue of fact to be submitted to the jury and that the directed verdict in favor of the appellee was correct and that the case must therefore be affirmed.

Affirmed.

*Hall, Holmes, Ethridge* and *Gillespie, JJ.,* concur.