GILLESPIE, Presiding Justice:
Robert L. Barnes purchased a used car from Chester Burnham Chevrolet Company, Inc. The sale price was $1,922. Barnes traded in a car and was allowed $806, leaving a balance of $1,116 which, together with insurance and finance charges, resulted in a balance due of $1,-499.76, which was evidenced by a retail installment contract for that amount payable in twenty-four installments of $62.49 each. Barnes became delinquent and returned the car ten months after its purchase. The car was sold under the contract and Burnham bought it for $300, then brought this suit to recover the deficiency. Barnes answered and contended that Burnham breached the warranty by failing to repair the car as provided in the warranty. Barnes also contended that he rescinded the contract and should be allowed to recover as in a case of recision. After both parties rested their cases the trial judge granted Burnham a peremptory instruction and judgment was entered for Burnham for the amount due on the retail installment contract. Barnes appealed and assigns as error the action of the trial court in granting Burnham a peremptory instruction.
Considering as true all evidence favorable to Barnes, together with all inferences that may reasonably be drawn therefrom, we state the facts in the light most favorable to Barnes, as we must when the question is whether the court erred in granting a peremptory instruction.
The warranty is in the following language :
Used Car Guarantee
1963 Greenbrier Sports Wagon 3R126S104333 7970
Yr. Make Model Motor No. Inv. No.
The used car you have bought is guaranteed under the following conditions:
1. - Only the motor, brakes, transmission and rear axle are guaranteed.
2. - The above parts are guaranteed for 30 days on a 50-50 basis.
3. - On all repairs you must pay half the cost and Chester Burnham Chevrolet Co. will pay the other half.
4. - These repairs must be done at the Chester Burnham Chevrolet Co. Service Department and paid for at the time the work is done.
5. - This guarantee DOES NOT include batteries, speedometers, tires, tubes, glasses, generators, air conditioners or any electrical equipment.
Barnes testified that he took the car back to Burnham about two weeks after the date of purchase because it had a blown head gasket, was overheating, and the motor *632 was stopping. The trouble was not corrected and he took it back a second and third time, but the car still had the same trouble in that it had no power, oil ran down the manifold, and it would overheat and stop. Thereafter Burnham’s foreman told Barnes that it could not be fixed and refused to do any more work on a 50-50 basis. Burnham never repaired the defects in the motor. Barnes had paid his part of the repairs attempted by Burnham. Barnes had the car examined by a mechanic when he bought it and the mechanic testified that two of the six cylinders lacked sufficient pressure when the motor was warmed up; that the motor did not have adequate power; and that it would get hot and the engine leaked. After Barnes had it repaired at Burnham’s he again tested it and the same defects existed as before. He estimated that the motor would require overhauling or rebuilding to correct the trouble and that this would cost from $150 to $275.
The express warranty covered the motor and it was the obligation of Burnham to repair the motor so as to eliminate the defects testified about and to bear half the cost. According to Barnes’ testimony, Burnham failed and refused to repair the motor in accordance with the express warranty. This made an issue that should have been submitted to the jury. If the jury were to find for Barnes on this issue, his counterclaim should be sustained to the extent of one half the cost of the repairs that Burnham should have made.
In our opinion the contention of Barnes that he rescinded the sale by return of the car is without merit. He kept the car for a period of nine months after he knew Burnham would not repair it. He did not elect to return the car and rescind the sale within a reasonable time after determining that Burnham would not repair it. Barnes did not state that he was rescinding the contract when he returned the car. We hold that Barnes did not return the car within a reasonable time so as to constitute a recision, nor did Barnes give Burnham any notice that he was rescinding the sale. United States Finance Co. v. Barber, 247 Miss. 800, 157 So.2d 394 (1963); Tropical Paint & Oil Co. v. Mangum & Hatcher, 155 Miss. 876, 125 So. 248 (1929); J. B. Colt Co. v. Fuller, 144 Miss. 490, 110 So. 427 (1926); Lumbermen’s Supply Co. v. Poplarville Sawmill Co., 117 Miss. 274, 78 So. 157 (1918).
Reversed and remanded.
RODGERS, BRADY, INZER and ROBERTSON, JJ., concur.